60 215
71 490

## RICHARDS *v.* HOWELL.

### Opinion delivered February 2, 1895.

*Tax sale—Terms must comply with statute.*

Under a statute requiring that land delinquent for taxes should be sold to the highest bidder for the whole tract, provided the amount bid equaled the amount of the taxes, penalty and costs, an offering of the least quantity of land that any one would take and pay the taxes, penalty and costs was not authorized, and the purchaser acquired no title, though he refused to accept less than the whole.

Appeal from Greene Circuit Court in Chancery.

JAMES E. RIDDICK, Judge.

*J. C. Hawthorne* for appellant.

1.  The tax deed is void. The law in force at the date of the tax sale required the collector to sell the land to the highest bidder. Acts, 1871, p. 162, sec. 100. A sale for the "least quantity bid for" invalidates the sale. 13 Wall. 506; Black, Tax Titles, 107–126; 27 Ark. 226; 31 *id.* 314.

2.  The evidence nowhere shows that the appellees were at any time in possession of the land for a period of two years.

*L. L. Mack* for appellees.

1.  Appellant is barred by the two years statute of limitation. Mansf. Dig. sec. 5791; 32 Ark. 131; Black, Tax Titles, sec. 279–286; 28 Kas. 211.

2.  The certificate shows that the land was sold to the highest bidder.

BATTLE, J.   This action involves the validity of the sale of a tract of land, which was made on the 13th of May, 1872, for the taxes of 1871. The deed to the purchaser shows that the least quantity of the land was sold that any one would take and pay the taxes, penalty

and costs charged against it ; and that no one having offered to pay them for less than the whole of the tract, it (the entire tract) was stricken off to the person who offered to pay that price.

The statute under which the sale was made required that the whole tract should be sold to the person or persons offering to pay the greatest and highest price therefor, provided it was not less than the amount of the taxes, penalty and costs of advertising charged against the same. There was no power given to the collector who sold to divide the land by a sale for the least quantity. There was no statute which gave to him the authority to exonerate any portion of the tract from the taxes, penalty and costs charged against it. The whole of it was liable, and should have been sold to discharge that liability. When the original owner suffered it to be returned delinquent and sold, the law fixed his rights as to the sale. He was entitled to any excess for which the land sold over and above the amount charged against it. He had a right to such excess unless he elected to redeem. The sale for the least quantity might have been most beneficial to him, but the collector was vested with no authority to determine that. The law determined what his rights were, and the collector was without authority to take them from him.

It has been held that a sale of lands on a credit to pay taxes was void. It was so decided in *Cushing* v. *Longfellow*, 26 Me. 306. Why? In the first place, because there was no authority to sell on a credit ; and in the second, it affected the original owner's right of redemption. The court said : "The sale on credit might, well be believed to enhance the price ; so that they might, if the sale be upheld, be compelled to pay a much greater sum for the redemption than would otherwise be requisite for the purpose." So in this case there was no

authority to sell for the least quantity, and the sale, if upheld, affected the right of the owner to an excess.

But it may be said that the whole tract sold only for the taxes, penalty and costs, and the original owner was not affected or prejudiced. How can this be truly said when it was not offered to the highest bidder? No one can tell how much it would have sold for, had it been sold in the manner prescribed by law. Some one might have given more for the entire tract, when he would not have paid the taxes, penalty and costs for less than the whole. It might have sold for more; it could not have brought less. The owner was entitled to the experiment. The collector had no authority to take it from him, and constitute himself the judge of what was for his benefit. The sale in question was void.

The appellees also claim the land in controversy under the two years statute of limitation. To understand the facts upon which this claim is based, it is necessary to state that the land in controversy is the north half of the northwest quarter of section ten, in township sixteen north, and in range five east; that appellant deraigned title to it from the general government; that J. J. Lambert purchased it at the tax sale; and that, he having died, appellees claim as his heirs. Appellant recovered judgment for the northeast quarter of the northwest quarter of said section ten. So the northwest quarter of the northwest quarter of the tract only is affected by this appeal. The only evidence of adverse possession of it by the appellees is: J. J. Lambert sold it to William Dews, who took possession, and cut timber, and then sold to James Thompson. Thompson sold to Dock Taylor. Taylor built a house, dug a well, and partly cleared and fenced about four or five acres. This was in 1886 or 1887. He remained in possession about one year, and sold to some other person. After Taylor sold, no one lived on the land until about

1889, when appellant took possession. The witness who testified as to improvements (and only one testified as to them) was unable to say positively that the improvements were on the northwest quarter of the northwest quarter of section ten. As to whom Taylor sold, the evidence does not show. Appellant alleged that he delivered possession to him. What possession Dews took, the character of it, and how much timber he cut, do not appear. Whether Thompson took possession or not is not shown. Taylor remained in possession about one year, and made the only improvements proved, the land being wild when he took possession, and abandoned it; and soon after this appellant took possession. We think this evidence is insufficient to show that open, notorious, continuous, adverse possession which is necessary, under the two years statute, to bar an action for the recovery of land.

The decree of the circuit court is therefore reversed as to the northwest quarter of the northwest quarter of section ten, and the cause is remanded with instructions to the court to enter judgment for appellant, and for other proceedings consistent with this opinion.

Riddick, J., being disqualified, did not sit in this case.