LaCotts *v.* Quertermous.

Opinion delivered June 3, 1907.

Tax sale—several tracts for lump sum.—Where the evidence shows that, though a town was not incorporated, it was a town in fact, and that the land within its limits was, for convenience, laid off into lots and blocks similar to the system prevailing in cities and incorporated towns, and was so assessed, a tax deed is void which shows on its face that two separate lots of land within such town were sold in mass for a lump sum.

Appeal from Arkansas Chancery Court; *John M. Elliott,* Chancellor; affirmed.

*H. A. Parker* and *W. N. Carpenter,* for appellant.

*R. E. Wiley,* for appellee.

Hill, C. J. This suit was begun in the chancery court of Arkansas County, and was transferred to the circuit court, and back again to the chancery court. Various amendments to the complaint were made, and its final form was met by a substituted answer. Plaintiff in the court below, LaCotts, appellant here, alleged that he was the owner of lots one and two of block 21 in the town of Goldman; that the defendant Quertermous and wife were a short time in possession of the property, which possession was alleged to be permissive and not adverse; and that, after going out of possession, they caused the house on said property to be torn down and rebuilt in the town of Humphrey; that Quertermous had a void tax title to said lots, procured after he went out of possession in March, 1903, based upon a tax forfeiture of 1893, and plaintiff asked that the same be cancelled as a cloud upon his title, and that his title be quieted, and that he have $1,500 damages for the value of the building which had been taken from the property.

Defendants relied upon the tax deed and adverse possession, and also alleged that LaCotts had no more than a half interest in the property.

These issues went to the chancellor upon conflicting evidence. He sustained an exception to the defendant's tax title, and held that the plaintiff, LaCotts, had title to the lots, and gave judgment for $250 damages for the value of the house taken off the property. LaCotts appeals from that decision, and Quertermous cross appeals. The only complaint LaCotts can have is that the judgment was not sufficient for the value of the house which had been situated on the property as all other questions were decided in his favor.

The evidence is very conflicting upon this question. The house cost in 1882 about $1600. The first floor was used for a store, and the second for a hotel. It was a frame building. There was substantial testimony showing that the value of the building was considerably more than what the chancellor found. But, on the other hand, there was testimony to show that the house was not worth more than $150 or $200; that it has not been occupied for some time, and was badly dilapidated and weatherbeaten, and parts of it were rotted, and all of it in bad repair.

The court is unable to say that the finding of the chancellor is against the preponderance of the testimony.

Appellants on cross appeal claim that the last amendment to the complaint set up a new cause of action, and that it was filed more than seven years after they had taken possession. The court was fully justified in holding that there had never been adverse possession of the property, and the finding cannot be disturbed, even if there was such change in the complaint as would amount to a different cause of action. The court's findings upon the other issues of facts were in accord with the weight of evidence.

Appellees also insist that their tax title is good; but it is void on its face. It shows that lots 1 and 2, block 21, in the town of Goldman were sold as one tract for the sum of $8.92 1-2 cents. Such tax sales are void. *Montgomery* v. *Birge,* 31 Ark. 491; *Cocks* v. *Simmons,* 55 Ark. 104; *Salinger* v. *Gunn,* 61 Ark. 414.

Appellees attempted to show, by an affidavit resisting the exception to the deed, that this is a single tract and not a town lot, and this deed is not controlled by these decisions. The affidavit shows that Goldman was not an incorporated town, and that no plat was ever filed of this land, and that it was enclosed as one tract, but it also shows that Goldman is a town in fact, and that the land was, for convenience, laid out in lots and blocks similar to the system prevailing in cities and sold and conveyed by such description. These facts bring the case as effectually within the statutes construed in the above cases as if the lots were in regularly incorporated cities and described on a plat duly filed.

Judgment affirmed on appeal and cross appeal.