## HARRIS v. BRADY.

### Opinion delivered 'October 5, 1908.

1. TAX SALE—SALE OF SEVERAL TRACTS FOR LUMP SUM.—A tax deed is void on its face if it shows that several tracts of land were sold *en masse* for a lump sum. (Page 430.)

2. LIMITATION OF ACTIONS—HOMESTEAD.—As the right of adult heirs to enter upon an estate of inheritance in the ancestor's homestead does not accrue until the homestead interest of minor heirs therein has terminated, the statute of limitations will not run against the former until the termination of the latter's homestead estate. *Gannon* v. *Moore,* 83 Ark. 196, followed. (Page 430.)

Appeal from Marion Circuit Court; *Brice B. Hudgins,* Judge; reversed.

#### STATEMENT BY THE COURT.

The appellants were the children 'and heirs at law of Mark M. Harris. Benjamin Harris was the youngest of these, and he reached his majority on the 11th day of April, 1904. Mark M., the ancestor, died in March, 1883, 'seized of a 'certain tract of land in Marion County, Arkansas, which he occupied as his homestead. This suit is by the appellants against appellee, J. W. Brady, and his tenant, to recover possession of the land.

.Appellee Brady defends upon the ground that he was the owner and in possession of the land by virtue of a sale thereof for the taxes of 1899, and a deed pursuant thereto executed to him by the clerk of Marion County on the 28th of July, 1902. That' he took possession of the land on the first of January, 1901, and has held it adversely since, paying' all taxes thereon. He pleads the two years' statute of limitations. A clerk's deed

was exhibited, describing the lands in four separate subdivisions of forty acres each, and reciting the sale of all of them in one offer for the total sum of $6.60, without stating the price of any one of them. That appellants were the owners and entitled to the possession of the land unless appellee has title by virtue of his tax deed and the two years' statute of limitation is virtually conceded.

The court, at the instance of appellee, found the facts to be "that the land was duly sold on the 11th day of June, 1900, for the taxes, penalty and costs due thereon for the year 1899, and that appellee Brady became the purchaser thereof at this sale; that he took possession by virtue of the purchase January 1, 1901; that on the 28th day of July, 1902, after the time for redemption had expired, the clerk of Marion County executed his tax deed for the land; that after this appellee Brady held said land under the tax deed openly, continuously and adversely for more than two years next before the institution of this suit. And the court declared that appellee's purchase was valid, and that his adverse possession under the tax deed barred the appellants' right to recover.

*Woods Brothers,* for appellants.

.The tax deed is void, the lands having been sold *en masse.* 83 Ark. 174, and cases cited. The two years' statute does not begin to run in favor of the purchaser until the period for redemption has expired. In this case action was brought within three years after the youngest heir reached majority. The action was not barred as to him, nor as to the other heirs, since they had no right of possession before he attained majority. Kirby's Dig. § § 3882, 3883; 83 Ark. 196; 53 Ark. 400; 59 Ark. 364; 53 Ark. 428; 47 Ark. 451.

*Sam Williams,* for appellee.

The findings of fact by the court sitting as a jury, if supported by the evidence, are conclusive. 40 Ark. 298; 45 Ark. 41; *id.* 94; 53 Ark. 327; 54 Ark. 229; 68 Ark. 83. Under the court's finding this case clearly comes within section 5061, Kirby's Digest, and the rule announced in 53 Ark. 418. See also 71 Ark. 117.

WOOD, J. (after stating the facts). First. The tax deed was void on its face. It appears that the tracts of land were sold *en masse,* and not separately. *Lacotts* v. *Quertermous,* 83 Ark. 174, and authorities cited.

Sec. 5075 of Kirby's Digest (Act April 17, 1899) provides: "If any person entitled to bring any action under any law of this State be, at the time of the accrual of the cause of action, under twenty-one years of age, . . . . such person shall be at liberty to bring such action within three years next after full age." This statute was passed after the decision of this court in *Sims* v. *Cumby,* 53 Ark. 418, and after the facts arose upon which the decision of *Sparks* v. *Farris,* 71 Ark. 117, is based. The sale was made on the 11th of June, 1900, and the tax deed was executed July 28, 1902. Appellant Benjamin Harris did not reach his majority until the 11th of April, 1904, so he was under the disability of non-age when his cause of action accrued, and under the above statute he had three years after becoming of age within which to sue. He was therefore not barred by the statute of limitations.

Second. Until the termination of the homestead estate of Benjamin Harris in the land in controversy, which occurred when he became of age (11th day of April, 1904) the adult heirs had no right to the possession of the homestead. Therefore the statute of limitations of two years did not begin to run against them until that date. This suit was begun April 10, 1905.

The court erred therefore in holding appellants barred by this statute. *Gannon* v. *Moore,* 83 Ark. 196.

Judgment reversed and cause remanded for new trial.