## BELCHER *v.* HARR.

### Opinion delivered March 14, 1910.

1. EVIDENCE—PRESUMPTION AS TO OFFICIAL ACTS.—Where swamp land certificates were lost, and duplicates were issued by the State officers, the presumption is that they were rightly issued. (Page 223.)

2. PUBLIC LANDS—PRESUMPTION IN FAVOR OF PATENT.—A patent for swamp land issued by the State is conclusive evidence of the legal title unless something to the contrary is shown. (Page 224.)

3. TAXATION—SWAMP LANDS.—Where swamp lands were paid for and a certificate of purchase was issued, from that date the lands became subject to taxation, unless otherwise exempt, without regard to the issuance of the patent. (Page 224.)

4. SAME—SALE OF SEVERAL TRACTS FOR LUMP SUM.—A tax sale of several tracts of land for a lump sum is void. (Page 225.)

5. SAME—TAX SALE—WRONG DAY.—A tax sale of land delinquent for the taxes of 1882, held on June 11, 1883, is void. *Allen* v. *Ozark Land Co.,* 55 Ark. 549, followed. (Page 225.)

6. REMOVAL OF CLOUD—LACHES.—Where the holder of the legal title to land brought suit within two years after defendant acquired a tax title thereto from the State, and before defendant expended any money in improving the land and before his condition became so changed that he could not be placed in his former state, the suit was not barred by laches. (Page 225.)

7. TAXATION—LIEN.—A purchaser of land under a void tax sale is entitled to a lien on the land for all taxes paid by him. (Page 226.)

Appeal from Lonoke Chancery Court, *John E. Martineau,* Chancellor; reversed.

*George Sibly,* for appellant.

1. The lands were not subject to taxation for ten years after entry. 21 Ark. 40-49; *Ib.* 35; Abbott's Nat. Dig. vol. 1, p. 570; 3 *Id.* 170; 4 *Id.* 264.

2. The lands were sold *en masse* for a lump sum, and the tax sale is void. 30 Ark. 579; 31 *Id.* 315; 55 *Id.* 109; 61 *Id.* 414; 65 *Id.* 70; 87 *Id.* 428; 61 Ark. 464; 46 Ark. 333; 66 Ark. 433.

3. Until some adverse right was set up, no action by appellant was required. 46 Ark. 96; 50 Ark. 393; 60 Ark. 665; 75 Ark. 194; 69 Ark. 424; 75 Ark. 312.

4. The tax sale on June 11, 1883, has been held void. 55 Ark. 549; 70 Ark. 257.

5. Mere lapse of time does not constitute laches or staleness of claim. 28 Oh. St. 568; 80 Va. 22; 37 N. J. Eq. 130; 12 A. & E. Enc. Law, 550-2, 558; 2 Dembitz on Land Titles, 1445, § 188, p. 1447; 46 Ark. 96; 50 Ark. 393; 54 Ark. 665; 75 Ark. 194. See also 70 Ark. 256; 81 Ark. 296; 75 Ark. 194; 45 Ark. 81; 76 Ark. 525; 81 Ark. 296; 88 Ark. 395.

*J. G. & C. B. Thweatt,* for appellee.

1. The patent to the Belcher heirs should not have been issued. Kirby's Digest, § 4747; 1 Wall. (U. S.) 109.

2.  The tax sale was not void.  54 Ark. 668.

3.  There was laches.  6 Ark. 381; 27 Ark. 343; 41 Ark. 53; 48 Ark. 277; 11 U. S. 201.  An unreasonable delay in asserting rights is a bar to relief.  150 U. S. 193; 20 Wall. (U. S.) 14.  Appellants are barred.  81 Ark. 352; 90 Ark. 430.

FRAUENTHAL, J.  This was an action instituted by the plaintiffs below, S. M. Belcher and W. O. Belcher, to cancel a tax deed to certain lands and to quiet their title thereto.  The chancery court found that "plaintiffs' right to the lands was barred in equity," and dismissed the complaint.  There are several tracts of land involved in this litigation, which are claimed by the defendant under a tax deed from the State.  One of these tracts was forfeited to the State in 1869 for the nonpayment of the taxes of the year 1868, and the other tracts were forfeited to the State in 1883 for the nonpayment of the taxes of 1882.  The defendant purchased the lands from the State on June 1, 1904.

The plaintiffs deraign title to the lands as follows:  The lands were granted by the United States to the State of Arkansas as swamp land by the act of Congress approved September 28, 1850, entitled "An Act to enable the State of Arkansas and other States to reclaim the swamp lands within their limits."

On July 3, 1860, Wilson M. Belcher applied for and obtained these lands by purchase from the State of Arkansas, and it is claimed that he purchased same with swamp land certificates.  He received a certificate of entry for the lands from the proper officials of the State, and made full payment therefor.  W. M. Belcher died intestate on January 17, 1879, leaving surviving him as his only heirs four children, two of whom are the plaintiffs, and the other two children conveyed their interests in the lands to one of the plaintiffs.  On February 21, 1906, the Commissioner of State Lands, in pursuance of sections 4746 and 4747 of Kirby's Digest, issued duplicate certificates for these lands to the heirs of Wilson M. Belcher in lieu of the originals issued to Belcher, which were averred and proved to have been lost; and thereafter on the same day in pursuance of said certificates he executed a deed from the State to said heirs of Wilson M. Belcher for said lands.

It is urged by the appellee that sufficient proof was not

made before the Commissioner of State Lands for the issuance of the above duplicate certificates under section 4747 of Kirby's Digest; but he has introduced no evidence to sustain that contention. The issuance of the duplicate certificates and the execution of the swamp land deeds were acts of an official nature, and in the acts of such nature everything is presumed to be rightly and duly performed. The patents for swamp land issued by the State are conclusive evidence of the legal title unless something to the contrary is shown. *Chrisman* v. *Jones,* 31 Ark. 609; *Holland* v. *Moon,* 39 Ark. 121; *Wilson* v. *State,* 47 Ark. 199; *Rozell* v. *Chicago Mill & Lumber Co.,* 76 Ark. 525; *Hibben* v. *Malone,* 85 Ark. 584; *Steel* v. *Smelting Co.,* 106 U. S. 447.

The plaintiffs are therefore the owners of the legal title to the lands.

The lands were fully paid for by Wilson M. Belcher, and certificates therefor were issued to him, and from that date they became subject to taxation, unless otherwise exempt, without regard to the issue of the patents of the State therefor. *Witherspoon* v. *Duncan,* 21 Ark. 240; *Diver* v. *Friedham,* 43 Ark. 203; *Smith* v. *Hollis,* 46 Ark. 17; *Burcham* v. *Terry,* 55 Ark. 398; *Nichols* v. *Council,* 51 Ark. 26; *Van Brocklin* v. *Tennessee,* 117 U. S. 151.

One of the tracts of land was forfeited and sold to the State in 1869 for the nonpayment of the taxes of 1868. It appears that this tract was sold in connection with several other tracts for a lump sum, and that this tract and the several other tracts were sold *en masse.* The taxes had been extended separately against each of these tracts. The sale was therefore void. *Pettus* v. *Wallace,* 29 Ark. 476; *LaCotts* v. *Quertermous,* 83 Ark. 174; *Harris* v. *Brady,* 87 Ark. 428; *Chatfield* v. *Iowa & Ark. Land Co.,* 88 Ark. 395.

It is urged also by counsel for appellants that the sale of said tract of land for the nonpayment of the taxes of 1868 was illegal and void because the land was for that year exempt from taxation. It is claimed that the land was located and paid for with swamp land scrip issued in pursuance of the act of the Legislature approved January 6, 1851, entitled: "An Act to provide for the reclaiming of the swamp and overflowed lands donated to this State by the Unites States;" and that by

the fourteenth section of that act it was provided that, in order to offer inducements to purchasers to take up the land, the "swamp lands shall be exempt from taxation for the term of ten years;" that the swamp land involved in this suit was purchased by Wilson M. Belcher in 1860, and was exempt from taxation for a term of ten years thereafter. Section 14 of the above act was specifically repealed by the act of the Legislature approved January 12, 1853.

In the case of *McGehee* v. *Mathis*, 21 Ark. 40, it was held that said repealing act was valid as to all lands purchased after the date of said repeal. But upon a writ of error to the Supreme Court of the United States in the case of *McGehee* v. *Mathis*, 4 Wall. 143, that court held that the contract of the State to convey the land for the swamp land scrip and to refrain from taxation for the term specified was a contract between the State and the purchaser by virtue of the said act approved January 6, 1851, and that the repeal of the exemption by the act approved January 11, 1855, was an impairment of that contract and therefore void. But we do not think it necessary to pass upon the question as to whether or not said land was subject to taxation for the year of 1868 for the reason that as above stated the said tax sale for that year as to this tract of land is void for other reasons.

All the other tracts of land involved in this suit were sold to the State in 1883 for the nonpayment of the taxes of 1882. The sale was made on the 11th day of June, 1883, and this was on a day unauthorized by law. The tax sale of these lands on that day was void as was held in the case of *Allen* v. *Ozark Land Co.*, 55 Ark. 549. See also *Ross* v. *Royal*, 77 Ark. 324; *Taylor* v. *Van Meter*, 53 Ark. 204; *Penrose* v. *Doherty*, 70 Ark. 256; *Spain* v. *Johnson*, 31 Ark. 314; *Vernon* v. *Nelson*, 33 Ark. 748.

It is contended by defendant that the rights and claim of plaintiffs to these lands are barred by laches. The lands are wild and unimproved, and the constructive possession thereof has always been since their purchase in the plaintiffs and their father, who were the true owners thereof. The defendant had no right to believe that they were abandoned, and there was no situation presented requiring action on the part of the plaintiffs until the actual possession of the land was taken by another, or until a color of title was obtained by one that might ripen into

perfect title by payment of taxes for the time required by the statute. The defendant purchased the land on June 1, 1904, and then began paying taxes thereon, and on March 22, 1906, this suit was instituted. In the case of *Earle Improvement Co.* v. *Chatfield,* 81 Ark. 296, it is said: "While it is true that the length of time during which a party may neglect to assert his rights and not be guilty of laches varies with the peculiar circumstances of each case and is subject to no arbitrary rule, like the statute of limitations, * * * yet, in the absence of some supervening equity calling for the application of the doctrine of laches, a court of chancery should and will follow the law, and not divest the owner of title by lapse of time shorter than the statutory period of limitations. * * * The payment of taxes for only five years, even with a great increase in the value of the land, we do not think would justify a court of equity in depriving the true owner of the right to have his title quieted, because the payment of taxes gave appellants no right to or interest in the land." *Updegraff* v. *Marked Tree Lumber Co.,* 83 Ark. 154.

In the case of *Chancellor* v. *Banks,* 92 Ark. 497, it was held (quoting syllabus) : "A suit to remove a cloud upon the title of wild and unimproved land will not be barred by laches where it was brought within four years after defendant's tax title was acquired from the State, and where plaintiff had done nothing to indicate that he had abandoned the land except that he had failed to pay the taxes during that time." In the case at bar the plaintiffs instituted this suit within two years after defendant acquired his tax title from State, and before he expended any money in improvements on the land, and before his condition has in any manner become so changed that he cannot be placed in his former state. No supervening equities have arisen in favor of defendant so as to deprive the plaintiffs of their legal title to the land; and their right to the lands is therefore not barred by laches.

But the defendant has paid the taxes on the lands since he acquired them from the State, and these taxes are a charge upon the lands. The taxes for the year for which each tract was sold to the State are also a charge upon each tract, and by his purchase from the State the defendant became subrogated to the lien of the State for the taxes of the year for which the land

sold. The defendant is entitled to a decree for these taxes and a lien therefor on the lands. *Connerly* v. *Dickinson,* 81 Ark. 258; *Files* v. *Jackson,* 84 Ark. 587; *Seldon* v. *Dudley E. Jones Co.,* 89 Ark. 234.

In their complaint the plaintiffs asked that the tax title of the defendant be removed as a cloud from the south half of lot 3 in S. W. ¼ of section 18, but this tract is not embraced in the tax deed obtained by defendant, and the plaintiffs are not therefore entitled to this relief against defendant as to that tract.

The plaintiffs in their complaint also ask that the tax deed as to lots 1 and 5 in the northwest quarter of section nineteen be canceled, but said tracts are not embraced in the deed from the State to them, and they have not shown any title to said last two mentioned tracts. They are not entitled to the relief asked as to said two tracts.

It appears from the testimony that since the institution of this action W. O. Belcher, one of the plaintiffs, has died, but it does not appear that the cause of action as to him has ever been revived. Upon the remand of this action the cause as to this plaintiff should be duly and properly revived.

The decree of the chancery court is reversed, and this cause is remanded with directions to enter a decree in accordance with this opinion.