FORDYCE *v.* VICKERS.

Opinion delivered June 26, 1911.

1.  TAXATION—SALE OF PART OF LAND ASSESSED AS WHOLE.—The sale by the collector of a portion of a tract of land for a part of the taxes assessed against the entire tract was unauthorized and void. (Page 503.)

2. SAME—SALE UPON WRONG DAY.—A tax sale of land upon a day not authorized by law is void. (Page 504.)

3. SAME —LACHES—FAILURE TO PAY TAXES.—Where, in a suit to quiet title, it appears that defendant purchased the land and obtained his tax deeds in 1904, and that plaintiff brought this suit within two years thereafter, defendant cannot insist that plaintiff was guilty of laches in not having paid the taxes upon the land previously to 1904, as he was not misled or injured thereby. (Page 505.)

4. SAME—RIGHT OF TAX PURCHASER TO RECOVER TAXES AND IMPROVEMENTS. —A purchaser under a void tax deed who makes improvements and pays taxes thereunder is entitled to recover for same. (Page 507.)

5. APPEAL OF ERROR—REVERSAL OF CHANCERY CASE—NEW TRIAL.—While ordinarily chancery causes are tried de novo, yet where the chancellor has decided a case upon an issue involving virtually a question of law, upon which he is found to be in error, and leaves undecided questions of fact, upon which he is probably better able to pass by reason of his familiarity with the circumstances, this court may remand the case for his decision upon such issues of fact. (Page 507.)

Appeal from Arkansas Chancery Court; *John M. Elliott,* Chancellor; reversed.

*Wiley & Clayton,* for appellant.

1. Appellant is not guilty of laches. That defense can be grounded only upon abandonment or long neglect of the land by a plaintiff concurring with acts by a defendant, induced by that abandonment, sufficient to raise an estoppel against the plaintiff. In legal significance, laches is not delay merely, but delay that works a disadvantage to another. Mere delay for a period less than the statutory period of limitations is not laches. 94 Ark. 221; 92 Ark. 497; 81 Ark. 432; *Id.* 352; 76 Ark. 525, 528; 72 Ark. 101; 93 Ark. 298. Laches will not start against one until there has been some invasion of his rights to call him into action, and some one to proceed against. 88 Ark. 394, 404; 75 Ark. 194; 70 Ark. 256, 261. Neither will it start against one whose land has been sold for taxes until the expiration of the two years allowed in which to redeem. 81 Ark. 296, 302.

2. Appellee's tax title is void because the 40-acre tract was included in the N ½ of NE ¼ of section 27, which was assessed as a whole, and the taxes extended against the same as a whole, on the tax book. The collector was not authorized by law to separate and receive taxes on a part of the N ½ NE¼ only, and

return the other part delinquent. 77 Ark. 519. As to the 160 acres, the sale was void because the sale was held on a day not authorized by law. The delinquent list was not filed, nor published, within the time allowed by law. Kirby's Dig., § § 7083, 7085, 7087; 55 Ark. 549; 77 Ark. 324; 70 Ark. 256; 54 Ark. 665; 33 Ark. 748.

3. Appellant's title was good. After he obtained his deed from the State who held title by forfeiture for taxes, he had his title confirmed under the law enacted for that purpose in force in 1890. Rev. Stat. ch. 149, Mansfield's Dig., § § 576 to 583. The decree of confirmation recites and shows a full compliance with the statute as to all steps necessary to give the court jurisdiction and to entitle petitioner to the confirmation decree. It is binding on the world, and its effect is to cure all defects and irregularities in the tax forfeitures on which the State's deed was based. Mansf. Dig., § 581; 21 Ark. 364; 20 Ark. 114; 62 Ark. 421; 42 Ark. 330; 55 Ark. 470.

*Pettit & Pettit* and *Ratcliffe, Fletcher & Ratcliffe,* for appellee.

The proof shows that appellant purchased the land in 1882, and did nothing with it thereafter except to have his tax title confirmed in 1890; that he paid no taxes thereon, but allowed others to pay the taxes until, on their ceasing to pay the same, it was again forfeited and was purchased by the appellee. The presumption is that appellant abandoned the land, or that he was indifferent to his duty to the State. His laches need not have caused injury to appellee. It is sufficient if he neglected his duty to the State in the payment of the taxes. 139 U. S. 380; 81 Ark. 352.

FRAUENTHAL, J. This was an action instituted by S. W. Fordyce, the plaintiff below, to quiet his title to two tracts of land situated in Arkansas County, and to cancel tax deeds held by the defendant, A. C. Vickers, therefor. The defendant being in possession of one of said tracts, an ejectment suit was instituted therefor in the circuit court on July 8, 1908; and, the other tract being wild and in the possession of no one, a suit was instituted in the chancery court on the same day to quiet plaintiff's title thereto. The ejectment suit was by consent of the parties transferred to

the chancery court, and both cases consolidated in that court. The actions then proceeded as a suit to quiet the title of plaintiff to the two tracts and to cancel the tax deeds under which defendant claimed to own same.

The plaintiff claimed title to the two tracts by virtue of tax deeds executed to him and his grantor on July 29, 1882, and August 5, 1882, respectively, by the proper official of the State, same having been forfeited to the State for the non-payment of the taxes thereon for prior years; and also by virtue of a decree of the chancery court of Arkansas County rendered on March 13, 1890, duly confirming the title acquired by the plaintiff under said tax deeds.

It is not claimed upon this appeal by counsel for defendant that said decree confirming the tax title of plaintiff to said lands is not valid and binding, and it follows that plaintiff has a good and perfect title to said lands, and is entitled to a decree quieting his title unless the defendant acquired a title thereto subsequent to the rendition of said decree, or unless the plaintiff's title is barred by the statute of limitation or by laches.

The defendant claimed title to the lands by virtue of tax deeds executed to him by the county clerk of Arkansas County on July 10, 1906, under a tax sale thereof made on July 8, 1904, for the nonpayment of taxes of the year 1903. The evidence showed that the two tracts are not contiguous, and that one of them contains forty acres, and is described as "the northeast quarter of the northeast quarter of section 27, township 3 south, range 6 west;" that for the year 1903 it was listed, not separately, but as a part of the north half of the northeast quarter of said section, and the land was assessed under this latter description as an entire tract, and the taxes extended thereon according to the assessment of the value of the entire tract of eighty acres. The collector accepted payment of the taxes of 1903 on the west half of said eighty-acre tract and returned the east half thereof, towit: the northeast quarter of the northeast quarter of said section, as delinquent for the remaining portion of the taxes charged against the entire eighty acres. For the purposes of taxation, the said eighty-acre tract could not be divided except for reassessment. The sale of a portion of said tract for the remainder of the taxes assessed against the entire tract was unauthorized, and

the sale thereof was on that account void. *Bonner* v. *Board of Directors,* 77 Ark. 519.

It appears that the tax sale of the other tract of land involved in this suit was made upon a day not authorized by law; and for this reason the sale thereof was void. *Vernon* v. *Nelson,* 33 Ark. 748; *Boehm* v. *Porter,* 54 Ark. 665; *Allen* v. *Ozark Land Co.,* 55 Ark. 549; *Penrose* v. *Doherty,* 70 Ark. 256; *Ross* v. *Royal,* 77 Ark. 324.

It is not claimed upon this appeal by counsel for the defendant that the tax sales under which he claims title to the land were valid, nor does he contend that the deeds obtained thereunder are effective. The sole defense urged by him here against a recovery by the plaintiff is that the plaintiff is barred by laches. The chancellor found that the plaintiff had not paid taxes upon the lands since 1888; that for the years from 1888 to 1898, inclusive, the taxes thereon were paid by Neugass and Bier, and for the years from 1899 to 1902 inclusive by P. C. Dooley, and for each year thereafter by the defendant; that there had been a great increase in the value of said lands since the plaintiff had acquired them from the State in 1882, and since said decree of confirmation of his tax title in 1890, and that by reason of his failure to pay the taxes thereon, and the enhancement of the value of said lands, the plaintiff was guilty of laches which barred him of a recovery. A decree was thereupon entered dismissing the plaintiff's action for the want of equity.

It appears from the evidence that the defendant obtained his tax deeds for the lands on July 10, 1906, and immediately went into possession of one of the tracts and made valuable improvements thereon, and this suit was instituted within two years from the time that defendant went ino possession of said land. But the evidence conclusively shows that the defendant never paid the taxes on said tracts of land prior to his said tax purchase in 1904, and prior to that time did not claim any right or interest therein. The taxes were paid upon one of the tracts of land by the persons and for the years named in the chancellor's finding of facts, but there is no evidence tending to prove that any of these parties paying said taxes thereon prior to the tax purchase by defendant did so under any color of title or under any claim of right, interest or ownership in the land. As to the other tract

of land involved in this suit, there is no evidence that taxes were paid thereon by any one prior to the purchase by defendant at said tax sale in 1904, and there is no evidence that this tract had enhanced in value since it was acquired by the plaintiff.

It is urged that the rights and claim of plaintiff to these two tracts of land are barred by laches because he failed to pay the taxes thereon from the year of 1888 to the institution of this suit in 1908, and in the meanwhile the lands had greatly enhanced in value. But this is not sufficient to support the plea of laches. The true owner of the land cannot be divested of his title thereto by the mere failure to pay taxes and the enhancement of it in value. The doctrine of laches is founded upon the principle, not only that there has been such a delay in the payment of taxes by the owner, indicating either that he considers his claim to the land worthless or a total abandonment of his right to the property, and in the meanwhile a great enhancement in the value thereof, but also upon the ground that the party asserting a claim to it has good reason to believe that the alleged rights are worthless or have been abandoned and, acting upon such belief, has paid taxes on the land under color of title for at least the period of time named by the statute of limitations, and that because of the change of conditions during such period of delay and the enhancement of the value it would be inequitable to permit the owner to assert his title thereto. The party setting up the equitable defense of laches must show that he, or those under whom he claims, have paid the taxes on the land under a color of title thereto. The payment of the taxes on the land by strangers with whom he is wholly unconnected will not inure to his benefit to plead the defense of laches against the true owner, and thereby to defeat the title of the true owner to the land. In the case of *Osceola Land Co.* v. *Henderson,* 81 Ark. 432, it is said: "Mere delay does not of itself bar the plaintiff. Laches in legal significance is not mere delay, but delay that works a disadvantage to another. So long as parties are in the same condition, it matters little whether one presses a right promptly or slowly within limits allowed by law; but when, knowing his rights, he takes no steps to enforce them until the condition of the other party has in good faith so changed that he cannot be restored to his former state, if the right be then

enforced, delay becomes inequitable, and operates as estoppel against the assertion of the right."

Before the doctrine of laches can be invoked, the delay of the true owner must mislead and work a disadvantage to the party making this defense. If the taxes are paid by another unconnected with the defendant, or if the taxes are paid by the defendant under no color of title to the land, then it cannot be said either that he has been misled or injured by the delay of the true owner to pay taxes on the land.

In the case at bar the defendant obtained his tax certificate in 1904 and began paying taxes thereon. Prior to that time he made no claim to the land and paid no taxes thereon. The right to the land, and the constructive possession thereof, was up to that time in the plaintiff, who was the true owner. Defendant had no right to believe that the lands were abandoned. The payment of taxes by persons other than the defendant was evidence that the lands were not abandoned, and, so far as the record in this case discloses, it may be that the payment of the taxes by these other persons was made through or for the benefit of the plaintiff. At least, the defendant could have believed that this was the case rather than that the lands were abandoned. Up to the time of the sale of the lands for the non-payment of taxes in 1904, there was no situation presented requiring action upon the part of the plaintiff. "Until the actual possession of the land was taken by another, or until a color of title was obtained by one which might ripen into a perfect title by the payment of taxes for the time required by statute, there was no situation presented requiring action on the part of the plaintiff." *Belcher* v. *Harr,* 94 Ark. 221.

Within two years after the defendant obtained his tax deed to the land, plaintiff instituted this suit. In the case of *Chancellor* v. *Banks,* 92 Ark. 497, it was held (quoting syllabus) that "a suit to remove a cloud upon the title of wild and unimproved land will not be barred by laches when it was brought within four years after defendant's tax title was acquired from the State, and where the plaintiff had done nothing to indicate that he had abandoned the land except that he had failed to pay the taxes during that time." The fact that the defendant took possession of one of the tracts of

land in 1906 and made improvements thereon would not alter the situation. Up to 1906, when he took possession thereof, this land was wild and unoccupied, and therefore up to that time the plaintiff was not barred by laches on account of the mere failure to pay taxes on the land. And he could not in any event be barred on account of laches until payment of taxes had been made for at least seven years by one making same under color of title. The fact that the defendant took possession of the land simply started the statute of limitation; and inasmuch as plaintiff instituted these suits before the bar of the statute of limitation was complete, his title cannot be defeated thereby. For any improvements which the defendant has made upon the land, and for any taxes which he has paid thereon, he can be fully recompensed by obtaining a recovery therefor. Under the evidence adduced in this case most favorable to defendant, the plaintiff was not barred by laches, and it follows that the chancellor was wrong in so finding. *Chancellor* v. *Banks, supra; Belcher* v. *Harr, supra; Penrose* v. *Davis,* 70 Ark. 256; *Jackson* v. *Boyd,* 75 Ark. 194; *Earle Improvement Co.* v. *Chatfield,* 81 Ark. 296; *Updegraff* v. *Marked Tree Lumber Co.,* 83 Ark. 154.

Upon the trial of this case in the lower court, there was considerable evidence introduced as to the value of the improvements placed upon the land by the defendant, the taxes paid by him thereon, and also as to the value of the rents of the land. But the chancellor did not make any finding relative thereto, for the reason that he based his decision and decree solely upon the finding that the plaintiff was barred of a recovery by reason of laches. Ordinarily, a chancery case which is appealed to this court will be tried here *de novo,* irrespective of how the chancellor reached his conclusion, where the evidence has been fully developed. But where the chancellor has decided a case upon an issue involving virtually a question of law, in which we find that he was in error, and leaves undecided other issues in the case involving questions of fact, which he is probably better able to pass upon by reason of his greater familiarity with the circumstances and conditions surrounding said issues, this court in its discretion may remand the case for his decision upon said issues of fact. Under the circumstances of this case, we deem it wise to remand the cause for a determination by the chancellor

of the matters relative to the improvement, taxes and rents. *Greenlee* v. *Rowland*, 85 Ark 101.

For the error of the chancellor in deciding that the plaintiff was barred of a recovery by reason of laches, the decree will be reversed, and this cause will be remanded with directions to quiet the title to the lands in plaintiff, and for further proceedings not inconsistent with this opinion.