ST. LOUIS-SAN FRANCISCO RAILWAY COMPANY *v.* WINSLOW.

Opinion delivered March 24, 1919.

1. ACCORD AND SATISFACTION—EXECUTORY AGREEMENT.—An unexe-cutory agreement to settle for personal injuries for a specified amount provided the injured person's physician approved thereof does not defeat a cause for action for the injuries if the physi-cian did not approve of the settlement.

2. DAMAGES—EXCESSIVENESS OF VERDICT.—Where the plaintiff, a 70-year-old woman, while in good health, was violently thrown from a train, injuring her back and hips and causing partial paralysis of a leg, was confined for four weeks, was suffering pain and had frequent violent headaches as a result of the injury, with proba-bility of the injuries being permanent, a $1,500 verdict was not excessive.

Appeal from Craighead Circuit Court, Jonesboro District; *R. H. Dudley,* Judge; affirmed.

*W. F. Evans, W. J. Orr, Basil Baker* and *E. L. West-brooke,* for appellant.

The court should have admitted the evidence of set-tlement offered by appellant pleaded in the amended an-swer; (a) there was a contract of settlement between the claim agent of appellant and Charlie Winslow, son and agent of appellee. Generally an accord without satisfac-tion cannot be pleaded in bar, but where there are mutual promises and undertakings not performed by him who has the cause of action, or where he who has the

cause of action, prevents satisfaction, accord may be pleaded in bar. 2 Ark. 225; 7 Col. 172; (2 Pac. 916); 7 Col. 209. Here the agent Winslow agreed to accept and the company agreed to pay one hundred dollars conditioned on Dr. Copeland giving a statement of the injuries sustained, which condition was not complied with through the instrumentality of the doctor who advised Winslow against accepting the money after advising him that his mother had recovered sufficiently. Appellant always was and is ready to perform its part of the contract, and having offered so to prove, it was denied the right by the court and this was a matter which should have been submitted to the jury, it being a question of the parties. 14 S. W. 556. The cases in 115 Ark. 139 and 127 *Id.* 106 are not applicable. The train did not drag Mrs. Winslow. Her feet were on the platform and the brakeman had the box there until the train started and his left hand was on Mrs. Winslow's to keep her from falling. Her feet were on the platform when he took hold of her. She never fell over. She got down on the platform and never turned loose the rod until he got hold of her. Thus are the injuries detailed by appellee's witnesses. The train backed slowly and easily; no complaint was made that she was jarred. The claim agent, Smith, called on her and talked with her about the injury and her only claim was that the train started to back up; she almost fell and the brakeman caught her thumb and wrenched it. We invoke the rule announced in 100 Ark. 123: "In fixing the amount appellee will be permitted to recover, the court will not be careful to see that it shall be sufficient to compensate for the the injury sustained, but rather that the amount required to be remitted shall be large enough to strip the verdict of the jury of any prejudicial elements." See also 74 Ark. 326; 23 So. 456; 57 So. 172; 3 *Id.* 462; 176 Ill. App. 436; 168 Ill. 538; 154 S. W. 278; 178 *Id.* 287; 87 Ark. 109; 84 S. W. 849; 153 *Id.* 21; 98 Ark. 211; 103 *Id.* 374; 77 Ill. App. 474; 40 N. Y. Supp. 1117; 93 Ark. 119. These case show that the verdict is excessive by at least $1,400 and it should be reduced or a new trial granted.

*J. F. Gautney* and *F. C. Mullinix*, for appellee.

1.   The evidence as to the alleged accord was properly excluded.   Dr. Copeland declined to make the statement and advised Charlie Winslow not to accept the money.   No money was paid or offered in consummation of this alleged contract.   If there was an accord there was no satisfaction.   The alleged accord was no defense. 88 Ark. 473; 127 *Id.* 106; 75 *Id.* 354; 115 *Id.* 347; 1 C. J. 363, § 20.

2.   The verdict is not excessive.   The evidence shows she was confined to her bed four weeks and suffered considerable pain and still suffers from the injury.   87 Ark. 109.   The amount in view of the evidence is very small.

SMITH, J.   Appellee recovered judgment to compensate an injury sustained by her while traveling as a passenger on one of appellant's trains; and only two errors are assigned for the reversal of the judgment.

The first is that the court erroneously refused to permit appellant's claim agent to testify "that at the instance of the appellee's agent, designated by her in his and the agent's presence, the agent went to see Charlie Winslow, her son and agent, and they agreed upon a settlement by the appellant paying to him, as appellee's agent, $100, upon condition that Dr. Copeland, who was appellee's physician, should give a statement to justify the claim agent's action in paying the railroad company's money.   That Dr. Copeland not only declined to make the statement, but advised Charlie Winslow not to accept the money, and further advised him to refrain from making a statement in connection with the alleged injury.   No money was paid and no agreement was made by Mrs. Winslow except through her son, Charlie Winslow, who was her agent, and no agreement was put in writing."

It sufficiently answers this contention to say that Dr. Copeland refused to give a certificate; and if there was an accord, there was no satisfaction thereof.   Appellee could never have maintained a suit on the executory agreement sought to be proved; nor can appellant rely upon it to defeat the cause of action which it was pro-

posed to settle. *St. Louis & San Francisco Ry. Co.* v. *Mitchell,* 115 Ark. 339; *Lewis* v. *Arnn,* 127 Ark. 106.

The second assignment of error is that the verdict— which was for $1,500—is excessive. This assignment cannot be sustained in view of the testimony offered on appellee's behalf, to which we are required to give full faith and credit in testing its legal sufficiency to support the verdict. This testimony was to the effect that appellee, who is seventy years of age, was suddenly and violently thrown from a slowly moving train; that she fell and injured her back and hips either in the fall or while she was being dragged after the train was set in motion, and was confined to her bed about four weeks as a result of the injury, during all of which time she suffered considerable pain. That she continues to suffer pain and has frequent headaches as a result of the injury, and that these headaches are so violent as to cause the head to be drawn backwards. That there is a partial paralysis of her right leg as a result of these injuries, and that she frequently falls while attempting to walk. Dr. Copeland, the witness who refused to give the certificate upon which a settlement for $100 would have been made, testified that it was not likely that appellee would ever recover from the result of her injuries, and that they were probably permanent. The evidence in appellee's behalf was that she was in good health and active for a woman of her age prior to her injury.

No prejudicial error appearing, the judgment of the court below is affirmed.