TOBY vs. HAGGERTY ET AL.

The assessment and forfeiture of land for non-payment of taxes, situated in one county, by the officers of another county, were null and void, and the forfeiture conferred no title upon the state, and she could convey none: and so a bill in chancery for title to the land, both parties claiming under the same forfeiture, was properly dismissed.

Hon. JOHN J. CLENDENIN Circuit Judge.

HOLLOWELL & JACOWAY for appellants.

The face of the proceedings show the assessing of the lands by the assessor of Perry county, and their forfeiture to the state by the collector of that county, which render the acts of that officer nugatory and void. The lands not being situated in Perry but in Yell county, wherein they had been assessed and

the taxes regularly paid by Brown and his wife from the date of their several donation deeds from the auditor, the assessor and collector of Perry county had no authority whatever to assess or to forfeit them to the state. Haggerty's deed was based upon the illegal forfeiture of the lands to the state by the tax collector of Perry county. The proceedings therein were therefore without legal warrant, unauthorized by the statute, without even the color of authority, and as such were void *ab initio.* If we are right in this view of the case, then it must be conceded the first step taken in the premises being void, all subsequent acts were likewise irregular, unauthorized and of no binding force.

The assessing and forfeiture of the lands in question by the collector of Perry county, being wholly without warrant, the grant by the auditor to Haggerty of the lands upon the supposition of such forfeiture being legal, was void also, and Haggerty under such grant acquired no right whatever to the premises.

We maintain that neither Haggerty nor appellees, who claim under him, acquired any right to, or interest in the premises conveyed to him by the auditor under Haggerty's deed. The auditor's deed to Haggerty is, it is true, good on its face, but the showing made against it renders it absolutely void. *Hogen vs. Brashears,* 13 *Ark.,* 202; *Merrick vs. Hutt,* 15 *Ark.,* 331; 2 *Iowa,* 364; 4 *McLean C.C.R.,* 494.

In the second place, the deed is not attacked because of its irregularity, nor because it is not in all things regular upon its face, but because the auditor had no authority whatever to make such deed. The lands in fact had never been forfeited to the state, but remained as other lands belonging to the citizen, to which the state had no legal color of claim whatever. If the collector had no authority to assess, he certainly had no right to sell or offer for sale, nor to forfeit the same to the state for the non-payment of taxes. Every step taken from the inception was illegal, and could never so operate as to divest

private right. The deed therefore is void. 2 *Dev.* (*L. R.*) 98;
14 *Sergt. & Rawle*, 331; 2 *A. K. Marsh.* 240; *Coke on Lit.* 295;
5 *Vin.* 389; 8 *Cow. R.* 544, 548; 5 *Picker. Rep.* 20, 27; 8 *Cow.*
589, 605; *Adams on Ejectment*, 551, *note a.*

We submit it as proved, that Brown and his wife paid the taxes,
both state and county, annually accruing on the lands from the
date of their respective deeds, until they sold to appellant; that
they, and each of them, cleared, fenced, improved and placed in
readiness for cultivation, five acres of each tract of the land, and
within the time prescribed by the statute.

Mr. Chief Justice ENGLISH delivered the opinion of the court.

The bill in this case was filed in the circuit court of Yell county,
by Charles E. Toby, against Penelope Haggerty and others, heirs
at law of Joab Haggerty, deceased.

The object of the bill was to cancel tax deeds which Joab
Haggerty procured, in his life time, to the east half of north-
east quarter, and the east half of the south-west quarter of sec-
tion 25, township six north, range 19 west, situate in Yell county,
and to establish and quiet the complainant's title to the same
lands.

The title of the complainant was derived as follows:

The lands having been forfeited to the state for non-payment of
taxes prior to the 18th September, 1848, the auditor, on that day,
executed a donation deed to Isaac Brown for one of the tracts,
and a like deed to his wife Nancy, for the other; and afterwards,
on the 11th of June, 1856, Brown and wife, by a joint deed, con-
veyed the lands to complainant.

Joab Haggerty, who, it seems, entered the lands, and was the
owner of them at the time they were forfeited to the state, on the
19th of April, 1851, filed affidavits with the auditor, stating that
at the time the lands were donated to Brown and wife, he owned
improvements thereon, which they had failed to pay him for, etc.;
whereupon the auditor treated their donation deeds as forfeited,
and sold and conveyed the lands to Haggerty for arrearages of

taxes, under act of 11th Janurry, 1851, (*Gould's Dig. chap.* 101, *art. II. sec.* 19, *p.* 699.)

On the part of the complainant it is sufficiently made out that the deeds executed by the auditor to Haggerty, were null and void for an objection that will be stated, to say nothing of others. It is alleged in the bill, and admitted by the answer, that the lands were situated in Yell county, though near the line between Yell and Perry. It appears from the treasurer's receipt to Haggerty, exhibited with the bill, that the taxes due upon the lands at the time they were forfeited, and for which Haggerty purchased, or redeemed them, were charged upon them in Perry county, and not in Yell. Beyond question, the forfeiture and assessment of lands situated in Yell county, by the officers of Perry county, were null and void; and the forfeiture conferred no title upon the state, and the state could vest no title in Haggerty by conveying them to him upon his paying the taxes thus illegally assessed.

But the complainant, in showing Haggerty's tax deeds to be void, has proven too much, and defeated his own title, for the donation deeds to Brown and wife must have rested upon the same illegal forfeiture, none other being alleged or shown by the evidence.

It follows that the decree of the court below, dismissing the bill must be affirmed.