HERGET v. McLEOD.

Opinion delivered January 22, 1912.

1. QUIETING TITLE—LACHES.—A suit to remove a cloud upon the title to wild and unimproved land will not be barred by laches merely because the plaintiff and those under whom he claims failed to pay the taxes since 1869 and in the meantime the land has greatly enhanced in value. (Page 62.)

2.  SAME—LACHES.—In order to bar a suit to remove a cloud upon the title to wild and unimproved land by laches, a purchaser under a void tax title and his privies must have, prior to the commencement of the suit, paid the taxes upon the land under color of title for at least seven years.  (Page 63.)

3.  SAME—LIEN FOR TAXES.—Where land. was forfeited to the State in 1869 for the taxes of the previous year, and no taxes were levied upon the land until 1904 when the State sold the land to defendant's grantors, the forfeiture being void, defendant was entitled to a lien on the land for the taxes for which it was sold and for the taxes paid by defendant and his grantors since the purchase from the State, but not for the taxes which should have been assessed against the land during the intervening years when the land was erroneously marked as State land.  (Page 64.)

Appeal from Calhoun Chancery Court;  *J. M. Barker,* Chancellor;  affirmed.

*Block & Kirsch,* for appellant.

1.  The plaintiff is barred by laches.  138 S. W. 880; 95 Ark. 6;  90 *Id.* 430;  81 *Id.* 352, 432;  93 Ark. 298;  72 *Id.* 101;  94 *Id.* 497;  92 *Id.* 497;  83 *Id.* 154;  81 *Id.* 296;  70 *Id.* 257.

2.  It was error to hold that defendant was entitled only to a refund of the taxes paid.  62 Ark. 188;  Kirby's Digest, § § 4879-80, 4807.

3.  This appellant is, at least, entitled to recover the taxes paid.  94 Ark. 221;  81 *Id.* 258, 84 *Id.* 587;  89 *Id.* 234.

*J. R. Wilson,* for appellee.

1.  Plaintiff is not barred;  nor estopped.  24 L. R. A. (N. S.) 1161;  75 Ark. 382;  152 U. S. 416;  45 Ark. 81;  72 *Id.* 101;  90 *Id.* 430;  81 *Id.* 432;  93 *Id.* 298;  95 *Id.* 6;  138 S. W. 380;  83 *Ark.* 160;  92 *Id.* 501;  70 *Id.* 256;  75 *Id.* 195; 81 *Id.* 296-303;  79 *Id.* 382;  82 Ark. 367;  88 *Id.* 395-404;  90 *Id.* 430 *et. seq.;*  92 *Id.* 501;  94 *Id.* 226;  138 S. W. 1010-11.

2.  62 Ark. 195 is not applicable.  This is a suit to remove cloud.  The State acquired no title by the tax sale.  Defendant is entitled to a lien for taxes.  82 Ark. 258;  84 *Id.* 587;  89 *Id.* 234. 

FRAUENTHAL, J.  This is an action instituted by W. H. McLeod, the plaintiff below, to cancel a tax deed and the title of defendant derived thereunder, and to quiet plaintiff's title to certain lands in Calhoun County.  The plaintiff deraigned title to the lands back to an original grantor who in 1857 and

1858 had obtained them from the State, to whom they had
been confirmed by the United States Government as swamp
and overflowed lands.   The lands were forfeited to the State in
1869 for the nonpayment of the taxes of 1868.   On August 12,
1904, these lands were sold by the State to T. J. Hays, Henry
Ezell and J. R. B. Moore; and a duplicate deed therefor was
issued to them by the State on November 17, 1906, it being
claimed that the original had been lost.   From these parties
the defendant obtained title to the lands by mesne conveyances.
The chancellor found that said tax sale of the said lands for the
year 1868 was void, and that the State and those holding under
its conveyance acquired no title thereto.   The chancellor there-
upon entered a decree setting aside said tax sale and cancelling
the deeds held thereunder and removing same as a cloud from
plaintiff's title to the lands.   He also decreed in favor of de-
fendant a recovery of the taxes on said lands for the year of
1868, and also the taxes paid by defendant and those under
whom he claimed for the years since their acquisition of the lands
from the State, together with interest thereon.

It is not claimed upon this appeal that the chancellor erred
in finding that said tax sale and the title acquired thereunder
was illegal and void; and it is conceded that plaintiff and
those under whom he claims were the true owners of said lands.
The sole defense now urged by counsel for defendant against
the recovery sought by plaintiff is that the plaintiff is barred
by laches.   It is also urged that, in event the plaintiff is entitled
to a decree quieting his title and cancelling the tax title under
which defendant claims the lands, the chancellor erred in the
amount of the taxes awarded to defendant.

It appears that the lands were purchased by defendant's
grantors from the State of Arkansas in August, 1904, and
that defendant and his grantors paid the taxes thereon for the
years from 1905 to 1910; that the taxes thereon were paid by
the defendant's grantors, who acquired the lands from the State,
for the first time in 1906 for the taxes of 1905, and that they
had paid the taxes on the lands for a period of less than five
years prior to the commencement of this suit, which was in-
stituted in January, 1911.   From the time the lands were cer-
tified to the State under said void tax sale made for the nonpay-
ment of the taxes of 1868 up to 1904, when they were pur-

chased from the State by defendant's grantors the lands were never assessed, but they appeared as belonging to the State. During all those years, and up to the institution of this suit neither the plaintiff nor those under whom he claims paid any taxes on the lands.

It is contended that the title and claim of the plaintiff to the lands is barred by laches, because he and those under whom he claims failed to pay the taxes thereon from 1868 to the institution of this suit, and in the meanwhile the lands had greatly enhanced in value. The lands were wild and unimproved, and in the actual possession of no one. They were therefore in the constructive possession of the true owner during all this time. The true owner could be barred of his right to the lands only by limitation or by laches. It is conceded that he was not barred by limitation. The question is, then, whether he has been barred by laches by reason of having failed to pay taxes upon the lands, and in the meanwhile they had greatly enhanced in value.

In the case of *Chandler* v. *Banks*, 92 Ark. 497, it is said: "There are cases in which the owners of land had failed to pay taxes on same for many successive years, exceeding the statutory period of limitation of seven years, and another claiming the land had paid taxes thereon for such time, and in the meanwhile the land had greatly enhanced in value, and in which the court held that a court of equity will not grant the owner relief on account of laches."

In the case of *Earl Improvement Co.* v. *Chatfield*, 81 Ark. 296, it is said: "While it is true that the length of time during which a party may neglect to assert his right and not be guilty of laches varies with the peculiar circumstances of each case, and is subject to no arbitrary rule, like the statute of limitations, yet, in the absence of some supervening equity calling for the application of the doctrine of laches, a court of chancery should and will by analogy follow the law, and not divest the owner of title by lapse of time shorter than the statutory period of limitations." In that case, it was further said that the payment of taxes for only five years, even with a great increase in value of the land, would not justify a court of equity in depriving the true owner of the right to have his title quieted.

In *Fordyce* v. *Vickers*, 99 Ark. 500, it is said: "The

true owner of the land can not be divested of his title thereto by the mere failure to pay taxes and the enhancement of it in value. The doctrine of laches is founded upon the principle, not only that there has been a delay in the payment of taxes by the owner, indicating either that he considers his claim to the land worthless or a total abandonment of his right to the property, and in the meanwhile a great enhancement in the value thereof, but also upon the ground that the party asserting the claim to it has good reason to believe that the alleged rights are worthless or have been abandoned, and, acting upon such belief, has paid taxes upon the land under color of title for at least the period of time named by the statute of limitation."

It will thus appear that, before the plea of laches can be available to deprive the true owner of his land, it must be shown that the party claiming same and his grantors have, prior to the commencement of the suit, paid the taxes upon the land under color of title for at least seven years, the statutory period of limitation. The fact that the true owner has failed to pay taxes on the land for a period longer than seven years will not alone bar him; but it must also appear that during such period the defendant and those under whom he claims have themselves paid taxes thereon for at least seven years prior to the institution of the suit before the true owner can be declared barred by laches. The fact that the land was not assessed or the taxes thereon were paid by strangers to the suit and to the parties will not aid the plea of laches. It is essential to support such plea to show that the taxes were actually paid by the defendant and those under whom he claims for at least the period of seven years prior to the institution of the suit.

In the case at bar, the plaintiff brought his suit to quiet his title within five years after defendant and those under whom he claims began paying taxes on the land under the tax title acquired by them from the State. Plaintiff was not barred by laches.

We think the case of *Chandler* v. *Banks, supra,* is decisive of this question. In that case it was held (quoting the syllabus): "A suit to remove the cloud upon the title of wild and unimproved lands will not be barred by laches where it was brought within four years after defendant's tax title was

acquired from the State, and where plaintiff had done nothing to indicate that he had abandoned the land except that he had failed to pay the taxes during that time."

It is urged by counsel for defendant that the court erred in the amount of the taxes which it adjudged to him. It is contended that, the defendant being subrogated to all rights of the State by virtue of the purchase from it of the lands, the defendant is thereby entitled to all taxes for each of the years from the date of the forfeiture to the sale thereof by the State, as well as to all taxes paid by him and his grantors thereafter. But after the forfeiture of 1868 and the sale thereunder of the lands to the State, these lands were not assessed, and no taxes were levied against them until after they had been sold by the State to defendant's grantors. During those years there were no taxes which were actually charged against and became liens upon the land to which the defendant could be subrogated. The only taxes assessed and charged against these lands were for the year of 1868 and for the years subsequent to the purchase from the State in 1904. For the year of 1868, and for the years subsequent to the acquisition of the lands from the State by the grantors of defendant, a levy of taxes was made and charged upon these lands. These were the only taxes against these lands to which the State asserted any right, and are therefore the only charges thereon to which the defendant could be subrogated. As was said in the case of *Belcher* v. *Harr*, 94 Ark. 221: "The defendant has paid taxes on the lands since he acquired them from the State, and these taxes are a charge upon the lands. The taxes for the year for which each tract was sold to the State are also a charge upon each tract; and by his purchase from the State defendant became subrogated to the lien of the State for the taxes for the year for which the land sold. Defendant is entitled to a decree for these taxes and a lien therefor on the land." *Connerly* v. *Dickinson*, 81 Ark. 258; *Files* v. *Jackson*, 84 Ark. 587; *Seldon* v. *Dudley E. Jones Co.*, 89 Ark. 234.

We find no error in the decree that was rendered by the chancellor in this case, and the same is accordingly affirmed.