## LOURANCE *v.* LANKFORD.

### Opinion delivered February 3, 1913.

1. JUDGMENTS—NUNC PRO TUNC ORDER—SUFFICIENCY OF EVIDENCE.—When it is not against the clear preponderance of the evidence that the attorneys on both sides of a controversy agreed to a dismissal of the cause with prejudice, on defendant's motion for an entry *nunc pro tunc*, the question before the court is what judgment was actually rendered by the court, following the agreement of counsel. (Page 476.)

2. JUDGMENTS—PURPOSE OF ORDER NUNC PRO TUNC.—The purpose of an order *nunc pro tunc* is to make the record reflect the facts as they

actually took place, and an entry *nunc pro tunc* will be modified, so as to eliminate words of the court which there is no evidence to show were used in the original judgment or finding.  (Page 476.)

Appeal from Prairie Chancery Court; *John M. Elliott*, Chancellor; modified and affirmed.

### STATEMENT BY THE COURT.

Appellant brought suit against appellee in the chancery court of the southern district of Prairie County. Afterward, appellant dismissed his suit, and the following is the record entry of dismissal: "On this day this cause coming on for hearing, comes the plaintiff herein by his attorneys, Manning & Emerson, and on motion of plaintiff, this cause is dismissed at plaintiff's cost. It is therefore considered, ordered and adjudged that this cause be dismissed with prejudice, and that the plaintiff pay all costs accrued herein."

The present proceedings arise on a motion by appellee made in the above entitled cause for a *nunc pro tunc* order, in which, omitting nonessential allegations, the appellee set up that at the April term of the court, 1911, plaintiff, by his attorneys, Manning & Emerson, agreed with defendant's attorneys that they would let a judgment with prejudice be entered which should finally terminate said cause; that said judgment was by the court rendered, but that the record fails to show the agreement. Therefore, appellee prayed that an order be made *nunc pro tunc* correcting the record of the dismissal of the above styled cause, made and entered at the April term, 1911, so as to speak the truth in the following particulars, towit: "Said judgment should show that said dismissal was a judgment of the court made and entered upon an agreement of the plaintiff and defendant that the case should be finally settled, and that said judgment of dismissal with prejudice should be a final dismissal of the case."

The appellant, in response to the motion, denied that any judgment was made by the court other than that shown by the record, and alleged that no agreement, ex-

pressed or implied, had ever been made by him or his counsel to the effect that the cause was settled or that the dismissal of the same was a final adjudication and adjustment thereof.

Testimony was taken in support of the motion, in which appellee testified, in substance, that while the cause was pending appellant took certain depositions in which certain letters were made exhibits, and that he asked that an order be made requiring that the depositions and the letters be filed in the cause, and that his attorney informed him that the order was made. Before the April term of the court following, one of appellant's attorneys stated to appellee that no more depositions would be taken and that the case would be dismissed. Appellee reported this fact to his attorneys and asked them to have the record show that the case was dismissed with prejudice.

Witness Thweatt testified that the question of the disposition of the case of Lourance against Lankford was discussed briefly in his presence between Mr. Manning and Mr. Ingram, attorneys respectively for the appellant and the appellee, at the April term, 1911, and that it was agreed and understood that the case would be dismissed with prejudice. Afterward, Mr. Manning announced to the court, after calling the court's attention to the case, that he dismissed it with prejudice. The court did not understand the statement and asked the question, and Mr. Ingram, attorney for the appellee, stated that the agreement was that the case would be dismissed with prejudice, and Mr. Manning assented to the statement.

Witness, Jno. L. Ingram, testified that Judge Lankford asked him to assist him in the case, and asked him to see that the depositions were filed or that the case would be dismissed with prejudice. That on the first day of the April term, 1911, of the chancery court, Mr. Thweatt, Mr. Manning and he had a conversation about the case, and it was agreed that it should be dismissed with prejudice. After making that agreement, they went before Judge Elliott and one of them, he did not remem-

ber which, stated that the case would be dismissed with prejudice, and that the case had been settled.

Witness, Manning, testified that he did not recollect the conversation stated by Judge Lankford to have been had with him in his office. Said there was no discussion of the case about a settlement at the time or prior to the time it was dismissed in the chancery court, and no consideration whatever passed from appellee to appellant for the dismissal or settlement of the case, and the case was never settled in any manner; that there was never any order of the court made to that effect, and he never heard of any proposition of settlement or claim that the case had been settled until after the motion for a *nunc pro tunc* order was filed in the cause. The cause was dismissed by him, but he had no recollection of using the words "with prejudice." He didn't remember who it was used that language. No order of court was made that the case had been settled.

Mr. Emerson, a witness for appellant, testified that in the conversation at the office of Manning & Emerson between Judge Lankford and Mr. Manning, Mr. Manning did not state that they were going to quit the case, or that there was nothing in it, or that he was disgusted with it. The first time witness ever heard the case had been settled was when they were notified that the motion for *nunc pro tunc* order had been filed. The case never had been settled, and there never had been any consideration passed from plaintiff to defendant for a settlement, and no offer for settlement either in money or from any other standpoint.

The court, after hearing the evidence, entered the following judgment: "Now, on this day this cause coming on to be heard upon the motion of the defendant herein for an order *nunc pro tunc* correcting the order of the judgment of dismissal of this cause on the 10th day of April, 1911, comes the plaintiff by Manning & Emerson, his solicitors, and comes the defendant by Jno. L. Ingram and J. G. & C. B. Thweatt, his attorneys, and both parties announcing themselves ready for hearing

upon the motion, same is submitted upon the pleadings, the record and evidence adduced; and the court being well and sufficiently advised as to what order to render, doth find that at the April term, 1911, of this court, and on the 10th day of April, that the plaintiff and defendant herein by and through their attorneys, M. J. Manning, for the plaintiff, and Jno. L. Ingram and J. G. Thweatt, for the defendant, agreed to dismiss this cause with prejudice, which, according to the rules of pleading and practice, both at law and in chancery, means a final determination of the case, and that judgment was rendered according to said agreement.

"It is therefore ordered, adjudged and decreed that this cause be, and the same is, by agreement of counsel, aforesaid, of plaintiff and defendant, dismissed with prejudice; it is further ordered and adjudged that plaintiff pay the cost of said suit.

"It appearing from the record, and from the evidence taken upon this motion, as well as from the distinct recollection of the court, that this judgment and decree was entered on the 10th day of April, 1911, but not so recorded, and same is now ordered entered of record *nunc pro tunc.* It is further ordered and adjudged that the plaintiff pay the cost of this proceeding to correct the record. To which ruling of the court plaintiff excepts. Appeal prayed and granted."

*Manning & Emerson,* for appellant.

Orders *nunc pro tunc* can not be entered unless the evidence of the fact that the order was made, and had not been entered is clear, unequivocal and convincing; and great caution should be exercised in amending or changing a record at the close of the term at which the record was made. 4 Ark. 627; 40 Ark. 224-229, 232. The burden is on the appellee here to show clearly and unequivocally not only that there was an agreement among the parties that the entry should be made, but also that there was actually a judgment rendered by the court which was not entered, or not correctly entered. 51 Ark.

224-31; 72 Ark. 21; 84 Ark. 100-106; 87 Ark. 438-41; 92 Ark. 299-305; 93 Ark. 234-7.

*C. B. Thweatt* and *Samuel Frauenthal,* for appellee.

1.   There appears to be no real controversy with reference to the powers of a court in the matter of *nunc pro tunc* orders, and the cases cited by appellant correctly state the law as applied to the facts in those cases. Our courts and all others recognize the right of a court to correct its record by *nunc pro tunc* order so as to show all the facts pertaining to the entry of the judgment, and the *complete terms thereof,* and "if anything has been omitted   *   *   * which is necessarily a part of it, and which was *intended and understood to be a part of it,* but failed to be incorporated in it through the negligence or inadvertence of the court or clerk, the omission may be supplied by an amendment after the term." 23 Cyc. 869; 99 Ark. 435.

2.   The finding of the court upon the motion for the *nunc pro tunc* entry, is conclusive on appeal, where there is any legally sufficient evidence to support it.   75 Ark. 16; 82 Ark. 188.

3.   "With prejudice" and "without prejudice" have a distinct legal meaning.   If a case is dismissed without stating that the dismissal is without prejudice, when it should have so stated, it is reversible error.   23 Ark. 507; 44 Ark. 314.

If the dismissal with prejudice was not by agreement, it would be error on the part of the court, but binding on the parties until reversed on appeal, and appellant has not appealed from that judgment.

If the judge had simply said, "Dismissed by agreement," this would have been a final disposition of the case on its merits.   2 Black on Judgments 706; Enc. of Pl. & Pr. 1027; 11 Enc. of Pl. & Pr. 1026; *id.* 1027.   See also 23 Cyc. 1141; *id.* 1134; 120 Cyc. 89.

WOOD, J., (after stating the facts.)   We are of the opinion that the finding of the chancellor that "M. J. Manning, for the plaintiff, and John L. Ingram and J. C.

Thweatt for the defendant, agreed to dismiss this cause with prejudice and that judgment was rendered according to said agreement,'' is not clearly against the preponderance of the evidence. Indeed, this finding is substantially in accord with the evidence. Attorney Manning does not deny that he agreed with attorneys for appellee to dismiss the cause with prejudice. He only denies that there was any agreement for settlement of the cause by such order of dismissal. The finding of the court being as above stated, the court did not err in entering the following judgment: "It is therefore ordered, adjudged and decreed that this case be, and the same is, by agreement of counsel aforesaid of plaintiff and defendant, dismissed with prejudice. It is further ordered and adjudged that plaintiff pay the cost of said suit, and that such judgment is now ordered entered of record *nunc pro tunc.*''

The court, in its finding and judgment, used this language, "which, according to the rules of pleading and practice both at law and in chancery, means a final determination of the case.'' There is no evidence in the record to show that this language of the court was used in the original finding and judgment. It is not a necessary or proper part of the judgment. It is only the court's opinion of what the language of his judgment meant, but the court, in the *nunc pro tunc,* was not called upon to construe what his judgment meant, but only to enter of record such judgment as had been formerly rendered, but which had not been entered of record as rendered. In a motion for a *nunc pro tunc* the purpose is to have the written memorial reflect the facts as they actually occurred, not to add additional facts or to make other or additional findings.

There is a sharp conflict in the evidence as to whether there was an agreement between counsel representing the respective parties to the litigation that there should be a settlement of the litigation by the dismissal of the lawsuit. The court could not undertake to settle this controversy in this proceeding. Whatever the attor-

neys may have agreed upon, unless the court actually rendered a judgment to the effect that the suit was dismissed and settled, such judgment could not be entered *nunc pro tunc,* and there is no testimony, as we view the evidence, tending to prove that such judgment was entered. Whether the language "with prejudice," in law has this effect is not now for determination. The question simply is, what judgment did the court actually render, and there is no evidence to show that a judgment was entered in terms showing that the case had been settled; but the evidence, as we have stated, fairly preponderating, does show that the parties agreed that the case should be dismissed with prejudice, and that judgment was entered by agreement dismissing the case with prejudice—no more no less.

In many, and some very recent cases, the court has announced the rule to be applied by a court in amending its record by *nunc pro tunc* orders as follows: "The authority of the court to amend its record by a *nunc pro tunc* order is to make it speak the truth, but not to make it speak what it did not speak but ought to have spoken." *Tucker* v. *Hawkins,* 72 Ark. 21; *Bouldin* v. *Jennings,* 92 Ark. 299; *St. L. & N. Ark. Ry. Co.* v. *Bratton,* 93 Ark. 234-7, and many cases there cited.

The judgment of the court is therefore modified so as to strike out the words "which, according to the rules of pleading and practice, both at law and in chancery, means a final determination of the case," and as thus modified it will be affirmed.