## BRADLEY LUMBER COMPANY *v.* LANGFORD.

### Opinion delivered October 27, 1913.

1. LIMITATION OF ACTIONS—SEVEN YEARS' POSSESSION—PAYMENT OF TAXES.—Payment of taxes upon unenclosed and unimproved lands for a period of seven years in succession is not sufficient to give title by limitation, when suit is commenced by the true owner of the land, before the expiration of seven years, from the first payment. (Page 596.)

2. CLOUD ON TITLE—LACHES.—A suit to remove a cloud upon title of wild and unimproved land will not be barred by laches when suit is commenced by the true owner before defendant had paid taxes on the same for seven years, when the plaintiff had done nothing to indicate that he had abandoned the land except a failure to pay taxes for a long period of time. (Page 597.)

3. APPEAL AND ERROR—CORRECTION OF RECORD.—Where oral testimony was taken in a chancery case, but it was not brought into the record by a bill of exceptions, or other proper method, the chancery court can not, by *nunc pro tunc* entry, bring the oral testimony into the record by recitals in the decree of its recollection of the testimony. (Page 598.)

Appeal from Bradley Chancery Court; *Zachariah T. Wood*, Chancellor; affirmed.

#### STATEMENT BY THE COURT.

This was an action instituted by appellees against appellants in the Bradley Chancery Court to cancel certain deeds executed by the State Land Commissioner to B. F. Gardner in 1903.

On February 10, 1858, J. R. Langford acquired title to the lands in controversy by patent from the State, based upon the swamp and overflow land act. Langford died on the 1st day of March, 1885, leaving surviving him appellees, as his only heirs at law. In 1869 the lands

were forfeited to the State for the nonpayment of taxes of 1868; and it is conceded that the forfeiture was void. On August 1, 1903, the State conveyed the lands to B. F. Gardner, and on the 3d day of August, 1903, Gardner conveyed the pine timber on said land to the Bradley Lumber Company. On the 4th day of August, 1903, he conveyed said lands to Lucy Ricks, one of the appellants. No taxes were assessed and paid on said lands from the time they were forfeited for the nonpayment of taxes for 1868 until the 25th day of March, 1905, when Mrs. Lucy Ricks paid the taxes on the same. She also paid the taxes in 1906, 1907, 1908, 1909 and 1910, and also paid the taxes on the 3d day of March, 1911. The present suit was commenced on the 25th day of April, 1911. The lands are wild, unenclosed and unoccupied and unimproved. The lands are chiefly valuable for the timber that is on them. When they were forfeited to the State for taxes in 1869, the lands were of very little value. In 1903 and 1904, one witness says the lands were worth about four dollars per acre, and another said they were worth five or six dollars per acre. In 1906, they were worth six or seven dollars per acre. Other facts will be referred to in the opinion. The court decreed that the title to the land was in appellees and ordered cancelled the conveyance to appellants and their grantors as a cloud on their title. The case is here on appeal.

*D. A. Bradham* and *B. L. Herring,* for appellants.

1. Appellees are barred by *laches.* 83 Ark. 162.

2. The court did not err in amending the recitals of the decree *nunc pro tunc.* 23. Cyc. 867; 141 Pa. St. 266; 21 Atl. 592; 70 Fed. 656; 17 C. C. A. 317; 99 Ark. 433; 51 *Id.* 287.

3. The court had the power to bring the oral testimony into the record by *nunc pro tunc* order. 48 Ark. 45-50; *Ib.* 60-65.

*Mehaffy, Reid & Mehaffy,* for appellants.

1. Equity will refuse its aid where one has slept on

his rights and acquiesced for a great length of time.   101 Ark. 230; 55 *Id.* 85; 95 *Id.* 7; 90 *Id.* 430.

*J. R. Wilson* and *Williamson & Williamson,* for appellee.

1.   The court had no power to amend the decree by *nunc pro tunc* order, nor bring oral testimony into the record by recitals as to its recollection or knowledge. 23 Cyc. 880; 30 Cent. Dig. 623; 13 Cal. 107; 57 Ill. App. 688; 98 Ark. 269.

2.   The testimony of the witnesses not having been preserved, every essential fact to sustain the decree will be assumed.   77 Ark. 195; 84 *Id.* 429; 83 *Id.* 424; 98 *Id.* 269; 81 *Id.* 428; 58 *Id.* 134; 45 *Id.* 240; 80 *Id.* 79.

3.   There is no bar by laches.   83 Ark. 162; 102 *Id.* 61; Tiedeman on Real Property, § 739; 100 Ark. 582; 90 *Id.* 420; 90 *Id.* 500; 103 Ark. 251.

HART, J., (after stating the facts).   It is conceded that the sale of the lands for the nonpayment of the taxes of 1868 was void.   Mrs. Lucy Ricks, one of the appellants, paid the taxes for 1904 on March 25, 1905, and continued to pay the taxes for each successive year thereafter until the present suit was instituted, which was on April 29, 1911.   In the case of *Updegraff* v. *Marked Tree Lumber Co.,* 83 Ark. 154, the court, in discussing the question of title acquired by payment of taxes on unimproved and unenclosed land, said:

"And we think it necessarily follows from that conclusion that there must be an unbroken possession for a period of seven years from the date of the first payment, and that the mere payment of taxes seven times is not of itself seven years' possession, where the possession is broken by the commencement of an action within seven years after the date of the first payment.   We are therefore of the opinion that appellee failed to show title by limitation."

So here the lands were unenclosed and unimproved, and there was not seven years from the date of the first payment of taxes by Mrs. Ricks until the institution of this suit.

Appellants also invoke the doctrine of laches to bar appellees of their right of recovery in this action. It is true that appellees did not pay taxes on the lands after they were forfeited in 1869, and that they did not thereafter exercise any control over the lands until the institution of the present suit; but the lands were wild and unimproved, and there was no need or occasion for them to exercise any control over them. The mere fact that they did not pay the taxes and remained silent during all these years did not estop them from claiming title to the lands, or bar them of their right of recovery in this action. It is also true that the lands increased in value, and that this increase in value was partly due to the fact that appellants, and other sawmill companies, established sawmills in that part of the country, and for the further reason that a railroad was constructed there. Thus, it will be seen that the increase in value was common to all the lands in that part of the country, and was not due to any act of appellants exclusively in regard to the lands in question. Appellees did nothing to cause appellants to believe that they had abandoned their title to the lands or to induce appellants to purchase the same on the faith that they did not claim title thereto. Mere inaction on the part of appellees and the failure to pay taxes by them short of the statutory period do not constitute supervening equities calling for the application of the doctrine of laches. *Updegraff* v. *Marked Tree Lumber Co., supra,* and cases cited; *Chancellor* v. *Banks,* 92 Ark. 497; *Tatum* v. *Arkansas Lumber Co.,* 103 Ark. 251. Moreover, the decree must be affirmed for another reason. The recitals of the decree originally rendered in the chancery court shows that, in addition to the depositions and documentary evidence read in the cause, it was submitted upon the oral testimony of three witnesses. This oral testimony is not brought into the record by a bill of exceptions nor by any other proper method. Appellants sought to remedy that defect by a *nunc pro tunc* order made at a subsequent term of the court. By that order the decree is made to read as be-

fore with this addition: ''And the oral testimony of these three witnesses was to the point, and only to the point, of identifying the records of sale of forfeited lands for taxes in 1868, set out above, so far as the court remembers.'' In the case of *Bradley Lumber Co.* v. *Hamilton,* 109 Ark. 1, 159 S. W. 35, this court said, in regard to a precisely similar contention, that the chancery court could not by *nunc pro tunc* entry bring oral testimony into the record by recitals in the decree of its recollection of the testimony. It follows that the decree must be affirmed.