McGILL v. ADAMS.

Opinion delivered October 11, 1915.

TITLE—LACHES—ABANDONMENT—ENHANCEMENT IN VALUE.—The failure to pay taxes on unimproved lands for a long period of time, together with great enhancement in values, constitutes an abandonment, and an action seeking equitable relief against one who has paid taxes under those circumstances for more than seven years, years, is barred by laches.

Appeal from Clark Chancery Court; *James D. Shaver,* Chancellor; affirmed.

*A. N. Meek* and *E. L. Carter,* for appellants.

The lands being wild and unimproved and the tax sale void, they were in the constructive possession of the plaintiffs and their ancestor, the true owners, from the date of such sale.

When the Legislature makes no exceptions in the statute of limitations, the court can make none. 64 Ark. 317. And it was not the intention of the Legislature to bar married women who were under the disability of coverture at the time of the passage of the act and have remained so since. 100 Ark. 403; 70 Ark. 371.

There is no sufficient evidence in the record to sustain the plea of laches. 62 Ark. 316-320; 83 Ark. 154; 103 Ark. 351; 108 Ark. 253; 94 Ark. 122.

*Hardage & Wilson,* for appellee.

1. Plaintiff Sullivan is barred both by the seven years' statute of limitations and by laches. Kirby's Dig., § 5057; 74 Ark. 302; 96 Ark. 524; 80 Ark. 74; 100 Ark. 582.

2. The plaintiffs, who are married women, are clearly barred by laches. They have lived by the land all their lives, knew their rights, made no offer to pay taxes, nor any claim to the land from 1869 until the filing of the suit in 1914. They stood by and saw defendant's grantor pay the taxes from 1900 to 1911 and the defendant pay them during the succeeding years, while in the meantime the title had changed, and the land had greatly increased in value. 83 Ark. 154; 81 Ark. 352; *Id.* 432; 103 Ark. 251; 90 Ark. 430; 102 Ark. 59; 109 Ark. 594; 95 Ark. 6; 99 Ark. 455.

McCulloch, C. J. Plaintiffs inherited the lands in controversy, which are still wild and unimproved, and which were forfeited to the State for taxes in the year 1869. Defendant's grantor purchased the lands from the State and received a deed therefor dated January 25, 1900, and defendant and his grantor have paid taxes continuously on the lands up to the present time. This is an action instituted by the plaintiffs in the chancery court to cancel the tax sale and quiet their title, on the ground that said sale was void for the reason that the statutory requirements concerning tax sales were not complied with. It is conceded that the tax sale was void, but the action is defended on the ground that one of the plaintiffs is barred by the statute of limitation, and that the other two, who are now and have been married women since defendant's grantor purchased the land from the State, are barred by laches. The chancellor sustained this defense, and plaintiffs have appealed.

The evidence shows that the defendant and his grantor have paid taxes continuously since the latter purchased the land from the State in the year 1900, and that since that time the lands have become greatly enhanced in value. There is an agreed statement in the record to the effect that at the time the defendant's grantor purchased the lands they were worth from $1.25 to $1.50 per acre, and that at the commencement of the suit the lands were worth from $10 to $15 per acre. The one plaintiff

who is not laboring under any disability is clearly barred by the statute of limitation, the lands being wild and unimproved, and defendant and his grantor having paid taxes thereon under color of title for more than seven years prior to the commencement of the action. The other two plaintiffs are under the disability of coverture and are not barred by the statute of limitation, but they are barred by their own laches. The facts of the case bring it within the rule announced by this court in a long line of cases, beginning with *Clay* v. *Bilby*, 72 Ark. 101, and coming down to the comparatively recent case of *Burbridge* v. *Wilson*, 99 Ark. 455. The same rule is announced in still later cases, where it was found that the facts did not bring them within the application of the rule. *Herget* v. *McLeod*, 102 Ark. 59; *Bradley Lumber Co.* v. *Langford*, 109 Ark. 594.

We have uniformly held that the failure to pay taxes on unimproved lands for a long period of time, together with great enhancement in values, constitute an abandonment, and that an action seeking equitable relief against one who has paid taxes under those circumstances for more than seven years is barred by laches. In many other cases we have decided that there is no bar against one who has not paid taxes for as much as seven years, unless there are other intervening equities sufficient in themselves to create an estoppel. *Earle Improvement Co.* v. *Chatfield*, 81 Ark. 296; *Chancellor* v. *Banks*, 92 Ark. 497; *Fordyce* v. *Vickers*, 99 Ark. 500; *Tatum* v. *Arkansas Lumber Co.*, 103 Ark. 251; *Herget* v. *McLeod, supra; Bradley Lumber Co.* v. *Langford, supra.*

In the present case, there was a failure on the part of the plaintiffs and their ancestor to pay taxes for about forty-five years, the last fourteen of which were after the defendant and his grantor purchased from the State and began to pay taxes thereon. The lands enhanced in value very materially during the time that the defendant was bearing the burden of taxation. So this case falls within the first mentioned line of cases, and does not come within the exception recognized in the other cases just cited.

This is not an action merely to enforce a legal right, but plaintiffs come into court asking purely equitable relief. Therefore they are barred by their own laches.

Decree affirmed.