HAY v. NICKEY BROTHERS.

Opinion delivered March 1, 1920.

1. TAXATION—SUIT TO CANCEL TAX DEED—BURDEN OF PROOF.—In an action to cancel a tax deed and recover damages for timber cut, the burden is on the plaintiffs to show that they are entitled to such affirmative relief.

2. TAXATION—TAX DEED.—A tax deed is void where the forfeiture and sale took place in a county adjacent to that in which the land is situated.

3. TAXATION—SUIT TO CANCEL TAX DEED—LACHES.—A suit to cancel a tax deed based upon a forfeiture and sale in a county adjacent to that in which the land was situated is barred by laches where the plaintiff permitted the defendants to pay the taxes for thirty years in the wrong county, without making an effort to have the lands assessed in the proper county: such conduct constituting an abandonment of the land.

Appeal from Calhoun Chancery Court; *J. M. Baker,* Chancellor; affirmed.

*John Baxter,* for appellants.

1. Appellants' ancestor, Dan W. Fellows, had title, and the payment of taxes in Calhoun County did not set section 5057 of Kirby's Digest in operation and bar appellants by limitation. The lands being in Calhoun County, the sale for taxes in Bradley County was void. 23 Ark. 370; 37 Cyc. 950; 79 Ga. 721; 9 Ohio 163; 68 Pa. St. 260; 103 Ark. 579; 37 Cyc. 951; 94 N. Y. S. 488. Statutes of limitation are strictly construed and there must be seven consecutive payments of taxes before the bar attaches. 75 Ark. 302; 180 S. W. 752; 102 Ark. 59.

2. Appellants are not barred by laches, as they were never called upon to act.

*B. S. Herring,* for appellee.

Appellants are barred by laches. 120 Ark. 249; 179 S. W. 489; 99 Ark. 455.

WOOD, J. This action was brought in the Calhoun Chancery Court to cancel a tax deed and recover damages from the appellees for timber cut from all of that

part of the east half of the southeast quarter and the northeast quarter of northeast quarter of section 15, and east half of the northeast quarter of section 22, in township 13 south of range 12 west, lying west of the Moro Creek in Calhoun County, Arkansas.

The appellants (plaintiffs below) after deraigning their title from the United States Government, allege in their complaint that the appellees (defendants below) are claiming the lands under some kind of void deed and have cut and removed large quantities of valuable timber; that the lands are wild and unimproved and have been; that the pretended deeds under which the defendants claimed are void and cast a cloud upon the plaintiffs' title.

Plaintiffs prayed that the deed be canceled and that a master be appointed to determine the value of the timber cut and removed from the lands, and that plaintiffs have judgment for same.

The defendants answered, denying all the material allegations of the plaintiffs' complaint. They alleged that they had title from the State through a forfeiture and sale of the lands for the nonpayment of the taxes. They traced their title through *mesne* conveyances from the State to W. H. Wheeler on June 23, 1887, and alleged "that, since that date, defendants and their predecessors in title had paid all the taxes assessed against said lands, and that said lands had greatly enhanced in value during their possession and ownership, from but a few dollars per acre to more than $20 per acre; and that defendants all the while had at least color of title to the same;" that plaintiffs are barred by laches and limitations.

The lands described in the appellants' complaint are situated on Bayou Moro, a sinuous stream, which constitutes the dividing line between Bradley and Calhoun Counties. Bayou Moro zigags through the land in controversy so that about sixty-eight acres lie in Calhoun County and the remaining 132 acres in Bradley County.

This action is to quiet the title and to recover possession of the lands in Calhoun County and damages for timber cut and removed from those lands.

The appellants deraigned title through a conveyance from the United States to the State of Arkansas, September 28, 1850, and from the State of Arkansas to one Sampson Nutt in 1854 and through various *mesne* conveyances to appellants. But appellants do not show that they or any of their predecessors in title had listed the lands for taxation in Calhoun County or that they had paid the taxes from that time until the institution of this suit in either Calhoun or Bradley Counties.

The undisputed evidence shows that the lands had always been listed and assessed for taxes under the description as contained in the legal subdivisions of the lands in Bradley County, where the greater portion of the lands are situated as shown by these legal subdivisions. The appellees and their predecessors in title paid taxes on the lands so described, listed and assessed, from the year 1888 until the institution of this suit September 11, 1918, a period of thirty years. The deeds under which appellees claim and under which the lands are described were recorded in Bradley County.

In 1888 when W. H. Wheeler, through whom the appellees trace their title, purchased the lands from the State they were wild and uninclosed and were not worth more than $1.25 per acre. The lands have remained wild and uninclosed since that time, but they have enhanced in value until at the time of the institution of this suit they were worth more than $20 per acre. One of the witnesses valued the land as high as $30 per acre in 1914.

It may be conceded that the tax deed under which appellees claim title is void for the reason that the forfeiture and sale took place in Bradley County, whereas, the lands are situated in Calhoun County. *Toby* v. *Haggarty et al.*, 23 Ark. 370. It may likewise be conceded that, for the same reason, the subsequent assessments of the land, and payments of taxes in Bradley County by the appellees and their privies in title, did not give ap-

pellees title by limitation under section 5057 of Kirby's Digest. Nevertheless, the undisputed facts present a typical case of laches on the part of appellants which bars them from the relief they seek. Appellants are asking the affirmative relief of cancellation, and damages as for trespass, against appellees. The burden is upon appellants to show that they are entitled to such relief. It is the duty of every one who owns property to pay the taxes thereon, for in this way only do they contribute to the revenue necessary to meet the expenses of the government which protects them. Appellants, as the owners of the lands in controversy, knew that they were not paying taxes thereon. By the slightest diligence they would have discovered that the taxing officers were treating these lands as situated in Bradley County for the purposes of taxation, and that the appellees and their predecessors in title were bearing the burdens of taxation placed upon them. Even though these officers, in so doing, were making a mistake, yet appellants made no effort to have the lands relisted and assessed in the proper county. This was the plain duty of appellants, and their failure to perform such duty shows that appellants did not intend to pay taxes on the lands and hence had abandoned same. The delay and negligence of appellants worked to the disadvantage and prejudice of appellees. "Laches is an equitable defense based upon the doctrine that equity will not act unless the party has exercised good faith and reasonable diligence." *Chatfield* v. *Iowa & Ark. Land Co.*, 88 Ark. 395, and other cases cited in 2 Crawford's Digest, p. 1875, *et seq.*

In *McGill et al.* v. *Adams*, 120 Ark. 249, we said: "We have uniformly held that the failure to pay taxes on unimproved lands for a long period of time, together with great enhancement in values, constitute abandonment, and that an action seeking equitable relief against one who has paid taxes under those circumstances more than seven years is barred by laches." *Burbridge* v. *Wilson*, 99 Ark. 455.

The decree is correct. Affirmed.