STOUT LUMBER COMPANY *v.* TREADWELL.

Opinion delivered June 23, 1924.

1. ADVERSE POSSESSION — PAYMENT OF TAXES IN WRONG COUNTY.— Under Crawford & Moses' Dig., § 6943, providing that unimproved and uninclosed land shall be held to be in the possession of persons paying taxes thereon, if he have color of title thereto, for seven consecutive years, it is insufficient to pay the taxes in a county in which the land does not lie.

2. QUIETING TITLE — TITLE OF CLAIMANT.— One seeking to cancel another's deed as a cloud upon his title must show title in himself in order to obtain relief.

Appeal from Cleveland Chancery Court; *John M. Elliott,* Chancellor; affirmed.

*Gaughan & Sifford,* for appellant.

A tax deed is *prima facie* evidence of title. Section 10109, C. & M. Digest; 130 Ark. 424; 101 Ark. 301. Payment of taxes for seven years under color of title makes out a *prima facie* title. 131 Ark. 83. Unimproved and uninclosed land shall be deemed and held to be in possession of the person who pays the taxes thereon if he have color of title thereto. Section 6943, C. & M. Digest; 84 Ark. 1; 71 Ark. 390; 92 Ark. 121; 76 Ark. 447; 80 Ark. 82. A tax deed is good color of title, even though based on a void tax sale. 70 Ark. 487; 48 Ark. 187; 47 Ark. 528; 84 Ark. 320; 105 Ark. 646; Bouvier's Law Dictionary, Rawle's Third Revision, vol. 1, p. 527; Words & Phrases (First Series), vol. 2, p. 1264. It is not necessary that it be recorded, as an unrecorded deed is good color of title. 100 Ark. 582. The fact that the deed fails to locate the county or locates the wrong county would not vitiate the deed or prevent it being color of title, provided the correct description is given. 83 Ark. 196; 245 S. W. 802.

*Danaher & Danaher,* for appellee.

The tax deed of appellants was not executed substantially in accordance with the statute, and was therefore void. 132 U. S. 239; 9 Wheat. 541; 3 T. B. Monroe 161; 18 Kansas 223; 6 Kansas 65; 85 Mo. 526; 27 Minn. 259; 29 Wis. 152; 6 Colo. 314; 23 Tex. 36. Land shall be deemed and held to be in the possession of the person who pays the taxes thereon. 83 Ark. 520. Erroneous payment of taxes in one county does not discharge a valid assessment in another. 103 Ark. 371; 37 Cyc. 1159.

SMITH, J. The appellant was the plaintiff below, and, for its cause of action, alleged that it was the owner of the whole of section 33, township 10 south, range 12 west, including that part of said section situated on the east side of Moro Creek, which was particularly described, and which embraced 54.52 acres. Appellant deraigns its title beginning with a tax deed executed July 6, 1900, to J. J. Youngblood, which title was acquired by mesne conveyances, and it is stipulated that appellant

and its grantors had paid the taxes continuously for more than twenty years.

It appears that Moro Creek runs through section 33 and forms the boundary between Dallas and Cleveland counties. All of the section is situated in Dallas County except the 54.52 acres in controversy, which are in Cleveland County. It appears, however, that the entire section was assessed for taxation in Dallas County, and the taxes on the whole of the section have been paid in that county, and no taxes were paid by appellant in Cleveland County.

The records of Cleveland County were destroyed by fire, but there is a record of that county remaining which shows that the land was sold by the commissioner in the overdue tax case to the State, and on July 15, 1921, the Commissioner of State Lands conveyed the 54.52 acres lying in Cleveland County to appellees. A second deed was made by the Commissioner of State Lands to appellees on September 11, 1922, to correct an error in the former deed.

It appears to be mutually conceded that both the tax deed through which appellant derives its claim of title and the sale by the commissioner under the overdue tax decree were void; but appellant insists that this tax deed was at least color of title, and that, by the subsequent continuous payment of taxes for a period of more than seven years, its title has been perfected.

If it be conceded—and we do not decide—that a tax deed, regular on its face, issued by the clerk of one county, conveying the whole of a section for the non-payment of taxes assessed in that county, could constitute color of title to a part of said section lying in another county, it does not follow that appellant's title has ripened by the payment of taxes on the land in question. This is true because the portion of the section in litigation lies in Cleveland County, and the taxes were paid in Dallas County.

Section 6943, C. & M. Digest, which provides that unimproved and uninclosed land shall be deemed and held to be in the possession of the person who pays the taxes thereon, if he have color of title thereto, for at least seven years in succession, contemplates that the payment shall be made in the county where the land is situated and where the record of such payments should be properly kept, and it is not sufficient, under this statute, to pay the taxes in a county in which the land does not lie. Such is the effect of the decision of this court in the case of *Hay* v. *Nickey Bros.,* 142 Ark. 398, where it was said: "It may be conceded that the tax deed under which appellees claim title is void for the reason that the forfeiture and sale took place in Bradley County, whereas the lands are situated in Calhoun County. *Toby* v. *Haggarty,* 32 Ark. 370. It may likewise be conceded that, for the same reason, the subsequent assessments of the land, and payments of taxes in Bradley County by the appellees and their privies in title, did not give appellees title by limitation under § 5057 of Kirby's Digest."

It is true the court denied the relief of cancellation of the title asserted in that case, as the result of the tax payments, but this was done because the parties asking cancellation were barred by laches.

Laches cannot be asserted here, because appellees only acquired their title July 15, 1921, and the suit to cancel it was begun August 9, 1921.

It is insisted that the deed to appellees conveyed no title because of the provisions of act 671, General Acts 1921, page 728, whereby the State relinquished the title to persons who had paid taxes for twenty years or more. We need not consider the effect of this statute on appellees' title, as they are asking no affirmative relief. Appellant—plaintiff below—must show title in itself to obtain the relief prayed, and this it has not done for the reasons herein stated.

The complaint was dismissed as being without equity, and that decree is affirmed.