## BARR *v.* BARR.

Opinion delivered November 12, 1928.

*Pat L. Robinson,* for appellant.
*Murphy & Wood,* for appellee.

McHANEY, J. This is an action for divorce and alimony, brought by appellee against appellant, alleging a course of cruel treatment and general indignities which made her condition in life intolerable; that he cursed and abused her on numerous occasions, in the presence of others, thereby greatly humiliating her; that he struck her, pulled her hair, and threatened to kill her.

Upon a hearing, the chancery court entered a decree granting appellee an absolute divorce from appellant, and rendering judgment for $75 per month alimony, beginning on the 20th day of March, and payable on the 20th day of each month thereafter.

Several questions are raised on this appeal, but we find it necessary to determine only one of them, in view of the disposition we make of it, and that is, the question of the sufficiency of the corroborating evidence. Appel-

lee testified to several minor incidents in the course of their married life, which was only about eight months, tending to support her action for divorce, one of which was that, on one occasion, when her brother, Dr. Houston, and his wife, of Hot Springs, visited them in their home in Little Rock, when appellee says appellant became violently angry at her, cursed her, calling her a damn fool because she gave her brother, Dr. Houston, a drink of appellant's whiskey, kept for medical purposes. This, while denied by appellant, he stating that he only said to her that she was making a damn fool of herself, was corroborated by Dr. and Mrs. Houston, who heard what he said to her, and this is the only respect in which appellee is corroborated by her testimony of several different instances tending to show a ground for divorce. All the charges are denied by appellant, but, even though he had admitted them, this would not be corroboration within the meaning of the term. As was said by this court in *Pryor v. Pryor,* 151 Ark. 157, 235 S. W. 421:

"The appellee, in his testimony, flatly contradicts the testimony of the appellant that he had been afflicted for the length of time and to the extent that the testimony of appellant tended to prove. But, even if he had admitted that her testimony in this respect was entirely true, still this would not entitle her to a decree of divorce, because the law, as announced by this court in numerous cases, is that divorces are not granted on the uncorroborated testimony of the parties and their admission of the truth of the matters alleged as grounds therefor." *Shelton* v. *Shelton,* 102 Ark. 59, 143 S. W. 110; *Sisk* v. *Sisk,* 99 Ark. 94, 136 S. W. 987; *Chappell* v. *Chappell,* 83 Ark. 533, 104 S. W. 203.

As to the incident related by her in which she is corroborated by Dr. Houston and his wife, the record shows that there was a reconciliation afterwards. She thereafter continued to live with him for a period of approximately two weeks, and the testimony of both of them is to the effect that they lived happily during that time; that by appellant being that they were happier

during the last two weeks than ever before, and appellee admitting that they resumed their former conjugal relations and lived together as husband and wife. Appellee testified herself that this was the last unpleasant occurrence that happened between them, and about two weeks later she left for her brother's home in Hot Springs, without telling appellant that she was leaving him, and that he did not know that she was not going to return until some days later, when he telephoned her, asking her if she did not intend to come back, and she told him that she did not. She testified that the relations between them after the last unpleasant incident were agreeable; that they worked crossword puzzles together, and that their relations thereafter were as pleasant as usual. Under this state of the record we do not think appellee was entitled to a divorce, as the evidence on her behalf was wholly uncorroborated, except as to the one incident, and the proof conclusively shows that that was condoned. We do not discuss the evidence in detail, as it would serve no useful purpose, but we have examined it carefully, and find it as heretofore stated. This case must therefore be reversed, and the cause dismissed.

On October 1 this court made an order directing appellant to pay appellee as counsel fees $100, and the cost of printing her briefs in this court. This order was not complied with, and, upon motion of appellee to dismiss the appeal, counsel for appellant suggested that it be passed to the final submission of this case, which was done. The appellant is therefore ordered to pay into the registry of this court the above sums of money within ten days from this date, and all the costs that have accrued in both the lower court and this court.