EVANS *v.* UNITED STATES ANTHRACITE COAL COMPANY.

Opinion delivered December 2, 1929.

*Pryor, Miles & Pryor* and *Patterson, Patterson & Patterson,* for appellants.

*Paul McKennon* and *Jesse Reynolds,* for appellees.

BUTLER, J. On the 14th day of May, 1927, the appellees brought suit in the Johnson Chancery Court for an order enjoining and restraining the appellants from entering into and upon certain lands described in the complaint, alleging that they held a lease executed, by which they were given the right to mine the coal from the de-

mised premises, and that the appellants (defendants in that suit) were claiming to be the owners of the tract of land leased, and that they had served notice upon the plaintiffs that the lease had been canceled, and they alleged that the defendants were trespassing upon the leased premises.

The defendants, Evans and Dowdy, answered, setting up that they were the owners of the land, and that the lease under which the plaintiffs were claiming had been executed by their predecessor in title. They exhibited the lease, and alleged that the lease had been forfeited and terminated by reason of the plaintiffs' nonuser and failure to open and operate the coal mine in the manner provided for in the lease, setting up in detail the conduct of the plaintiffs (appellees) which they claimed had worked a forfeiture of the same.

Much testimony was taken, and practically all of it was directed to the question of whether or not the defendants, appellees here, had complied with the terms of the lease. At the conclusion of the testimony the case was submitted to the court upon the pleadings and the testimony, and a decree was made and entered, which, after reciting the appearance of the persons, the submission on the pleadings and evidence, concluded as follows: "It is therefore considered, ordered and decreed that the injunction and restraining order heretofore issued herein be and the same is hereby dissolved, and the complaint of plaintiffs is dismissed for want of equity. It is further considered, ordered and decreed that the plaintiffs pay all the costs of this suit, and the plaintiffs praying an appeal to the Supreme Court, which is granted. Ninety days is given in which to file a bill of exceptions herein."

Subsequent to the trial in the chancery court the appellees in this proceeding brought suit in the Johnson Circuit Court against the appellants here, alleging trespass on the property involved in the chancery court proceeding, and praying for damage in certain sums by

the taking of coal therefrom. To this suit the defendants answered, setting up that the rights of the plaintiffs in that action had been adjudicated by the proceeding in the chancery court, and pleaded that proceeding and decree therein in bar. Thereafter, and after the lapse of the term, the appellees filed a motion and petition in the chancery court for an order *nunc pro tunc* to correct the record of the decree, alleging that the only issue before the court, and the one upon which the court rendered its decree, was that the plaintiffs had an adequate remedy at law. Testimony was taken on the petition and response thereto, and the court granted the prayer of the petition, and entered an order correcting the record *nunc pro tunc,* making it read as follows: ''It is therefore considered, ordered and decreed that the injunction and restraining **order heretofore** issued herein be and the same is hereby dissolved, and the complaint of plaintiffs is dismissed for want of equity, *and the parties to this suit are left to their legal remedy in the court of law in the determination of the title to the land, the validity of the lease, or the damages sustained by them, or either of them.* It is adjudged that the plaintiffs pay the costs, plaintiffs praying an appeal to the Supreme Court, which is granted. Ninety days is given in which to file bill of exception herein.''

From the judgment and order correcting the record of the decree, and from the decree as corrected the respondents have prosecuted this appeal.

The question presented for our determination is in what regard and to what extent can a court correct or amend its judgment after the expiration of the term at which the judgment was entered.

We do not think it necessary to recite or discuss the testimony taken on the hearing for the order *nunc pro tunc,* for it is our opinion that the record made by the pleadings and testimony taken on the trial of the case settles the question presented. The court made no finding of fact or declaration of law, other than that con-

tained in the decree, that the complaint was dismissed for want of equity. An inspection of the record discloses that the issues were within the jurisdiction of the chancery court, and that the rights of the plaintiffs and defendants were adjudicated on the question as to whether the plaintiffs in that case (appellees here) had the right to operate under the terms of their lease, or whether the lease was forfeited by nonuser or misuser, and whether the defendants there (appellants here) had a right to declare the same canceled, and to take possession of the property.

Any omission from the decree of a part thereof made by the court, and within the issues presented by the pleadings and testimony, might have been remedied by amending the decree, but the court had no power to change the decree after lapse of the term, except to make the record show what it should have spoken, but what in fact it did not speak. *Tucker* v. *Hawkins*, 72 Ark. 21, 77 S. W. 902; *Lourance* v. *Lankford,* 106 Ark. 470, 153 S. W. 592, 35 Ann. Cas., note p. 522; *Bradley Lumber Co.* v. *Langford,* 109 Ark. 594, 160 S. W. 866. It could not incorporate into the decree at any time a matter not within the issues raised by the pleadings and proof. 33 C. J. Judgments, § 87.

The amendment to the decree at the hearing on the petition for order *nunc pro tunc,* "and the parties to this suit are left to their legal remedy at law in the determination of the title to the land, the validity of the lease or the damages sustained by them, or either of them," was a substantial alteration both in substance and merit, which the court was without authority to make.

This court, in the case of *Bouldin* v. *Jennings,* 92 Ark. at page 305, 122 S. W. 639, quoted with approval the rule laid down in 17 Am. & Eng. Enc. of Law, 2 ed., p. 816: "A court rendering a final judgment, as a general rule, is absolutely without authority to alter it in substance or merit after the expiration of the term at which it was rendered."

"Amendments by order *nunc pro tunc* are not proper means of changing or revising a judgment. The power of the court to order the entry of a judgment *nunc pro tunc* is not to be used for the purpose of correcting errors, omissions or mistakes of the court, * * * nor to supply an order which it might or ought to have made, but wholly omitted to make." Black on Judgments, vol. 1, § 132.

It is obvious that, were courts clothed with authority to make such alterations, this would impair that absolute verity and sanctity with which, of necessity, judgments and decrees of courts are clothed, and render uncertain and indeterminate all litigation. Under the facts in this case it is our opinion that the court erred in amending its decree, and its order and amended decree is reversed, and the cause remanded with directions to deny the prayer of the appellees' petition for order *nunc pro tunc.*