ESTHER O'HALLORAN *v.* JOHN F. DAWSON ET UX

5-5874 479 S.W. 2d 532

Opinion delivered May 1, 1972

*Pollard, Bethune & Cavaneau,* for appellant.

*Reed & Blackburn,* for appellees.

LYLE BROWN, Justice. This suit to quiet title was initiated by appellant, Esther O'Halloran, as against the claims of appellees, John F. Dawson and wife, to forty acres of land in Cleburne County. The chancellor held that appellant had lost her title to the property under the doctrine of laches. The single allegation for reversal is that the chancellor erred in applying the doctrine of laches to the facts in the case.

Appellant and her now-deceased husband obtained title to the lands in question in 1936. They never lived in Arkansas and bought the tract for possible future use, paying $250 for it. In 1949 appellant wrote a letter to Mrs. B. C. Morton, mother of appellee Alice Dawson. Mrs. Morton was the wife of the real estate dealer who handled the sale of the property to appellant and her husband. The two women met when the O'Hallorans made a trip to Arkansas to view the lands. In the 1949 letter appellant stated that "we have decided not to pay taxes on the forty acres any longer. If you folks would like to keep/redeem it for your daughter we'd be so glad to have her or you have it." Mrs. Morton redeemed the land from the 1948 forfeiture and had the ownership name changed on the tax books to John F. and Alice M. Dawson (Mrs. Morton's daughter). Taxes have been paid in the name of the Dawsons continuously since that time. The appellees plan to build a retirement home on the land. Dawson is a career navy commander and the Dawsons have never occupied the property, moving from one navy post to another.

Mr. and Mrs. O'Halloran were divorced in 1959. There was no mention of the property in the decree. Four years after the divorce Mr. O'Halloran executed a quitclaim deed in favor of appellees. Mrs. O'Halloran was also requested to sign a quitclaim deed and in 1965 she replied that irrespective of her 1949 offer, she felt that she should not deed the land away.

Mr. O'Halloran died in 1968 and appellant claims, since the deed to the O'Hallorans created an estate by the entirety, she is now the sole owner of the subject

property. She filed the present suit in 1969.

When the tract was purchased by the O'Hallorans in 1936 it had only a nominal value. With the construction of Greers Ferry Dam, which placed this property near the lake, the land values have increased considerably. That fact is of common knowledge; it is recited in a letter in evidence that the Heber Springs area had grown since the building of the dam. The chancellor took cognizance of the general increase in land values, as he had a right to do. *Tomlinson* v. *Williams*, 210 Ark. 66, 194 S.W. 2d 197 (1946); *Mitchell* v. *Powell*, 194 Ark. 638, 109 S.W. 2d 155 (1937). None of the parties to this suit have ever occupied the lands. At the time of the purchase in 1936 the then owners resided on the property and were cultivating it. Subsequently the improvements fell into disuse and have disappeared except for a partial fence on one side.

It can hardly be questioned that in 1949 the O'Hallorans decided to abandon the lands and that they wanted Mrs. Morton or her daughter (Mrs. Dawson) to take title thereto. That fact is attested by Mrs. O'Halloran's letter of that year and by the quitclaim deed which Mr. O'Halloran later executed in favor of the Dawsons. We think this case comes under our holding in *McGill* v. *Adams*, 120 Ark. 249, 179 S.W. 489 (1915): "We have uniformly held that the failure to pay taxes on unimproved lands for a long period of time, together with great enhancement in values, constitute an abandonment, and that an action seeking equitable relief against one who has paid taxes under those circumstances for more than seven years is barred by laches." It is also significant in the case at bar that the O'Hallorans, by overt acts, abandoned the land in favor of appellees, inducing them to accept the burden of paying the taxes. In the interim the lands have increased substantially in value, as we have heretofore mentioned.

Affirmed.